[L. A. No. 22063. In Bank. Jan. 29, 1952.]

MANASSEE STEPHEN LIBARIAN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Manassee Stephen Libarian, in pro. per., for Petitioner.

Jerold E. Weil and Bertram L. Linz for Respondent.

THE COURT.—The Board of Governors of the State Bar has recommended that Manassee Stephen Libarian be suspended from the practice of law for a period of six months. By his petition for a writ of review, the proceeding is now before this court.

The record may be summarized as follows: Libarian was attorney for Abe Siegel in an action against Louis Nadel for wages. Testimony concerning whether Siegel had broken a mirror in Nadel's shop was conflicting. The court found for Nadel on the complaint and for Siegel on the cross-complaint.

After the trial, Libarian mailed a letter to Nadel's attorneys accusing Nadel of perjury and stating: "This criminal act of your client will be a basis for a new trial and also for a criminal complaint. . . . Here is my offer. Let your client pay Mr. Abe Siegel for 2 days' work, or 16 times $2.25, the total of Thirty Six and no/100 Dollars, and

his perjuries will remain unpunished. . . . I must receive your check for $36.00 plus $6.50 court costs I had advanced out of my own pocket, that is to say the sum of FORTY ONE and 50/100 Dollars, on the 31st. day of October, 1950. If you fail to send said $41.50 until midnight of Tuesday, the 31st. day of October, 1950, on the 1st. day of Nov. 1950, I'll file a motion for a new trial, and my client will be in the District Attorney's office to file a complaint for perjury against your client.''

In a notice to show cause, it was alleged that by writing this letter, Libarian threatened to permit his client to file a criminal complaint against Nadel unless Siegel received a certain amount of money. Such conduct was charged as being a violation of Libarian's oath and duties as an attorney at law and an act of moral turpitude and dishonesty within the meaning of sections 6103 and 6106 of the Business and Professions Code.

Following a hearing, a local administrative committee found Libarian guilty of unprofessional conduct and recommended that he be suspended from the practice of law for six months. The findings of the committee were adopted by the Board of Governors and it recommended that discipline be imposed as specified by the committee.

Libarian contends that the findings are not supported by the evidence. However, he admits that he wrote and mailed the letter in an attempt to secure money for his client. He also admits that the letter constitutes a threat against Nadel and he concedes that he made a mistake in writing it. He argues, however, that he had no intention of extorting money from Nadel or his attorneys.

Concisely stated, Libarian's defense is that he wrote the letter because of his indignation over Nadel's alleged false statements as a witness. Despite the statements in the letter, Libarian says that he had no intention of carrying out any threats against Nadel or of asking Siegel to file a criminal complaint against him.

Although no action was taken by either Libarian or Siegel to prosecute Nadel, the record clearly shows conduct which is in violation of Libarian's oath and duties as an attorney. The threats contained in the letter indicate an attempt to commit extortion. The sending of a threatening letter with intent to extort money is ''punishable in the same manner as if such money . . . were actually obtained''

(Pen. Code. § 523) and the crime of extortion involves moral turpitude. (*Matter of Coffey*, 123 Cal. 522 [56 P. 448].)

It is, therefore, ordered that Manassee Stephen Libarian be suspended from the practice of law for a period of six months commencing 30 days after the date of the filing of this opinion.

CARTER, J.—I dissent.

I agree that the letter written by petitioner to Nadel's attorney constituted a technical violation of section 523 of the Penal Code, and should not, therefore, have been sent. But, considering petitioner's background and the fact that the letter was written to an attorney regarding a claim against his client involving a small sum of money, advising that petitioner's client would go to the district attorney and seek to institute a criminal prosecution against Nadel unless the claim was paid, I do not feel that the discipline recommended is justified, and that a reprimand would be more commensurate with the nature of the conduct shown by the record. Petitioner, no doubt, mistakenly believed that the end he sought to achieve justified the means employed, and since no fraud or bad faith on his part was shown, and no detriment was suffered by anyone as the result of his conduct, a suspension of six months from practice seems too severe.

I would, therefore, dispose of the proceeding with a reprimand.