JeRoyd X. GREENE, Plaintiff,

v.

The VIRGINIA STATE BAR ASSOCIA-TION et al., Defendants.

Civ. A. No. 74–0280–R.

United States District Court,
E. D. Virginia,
Richmond Division.

April 7, 1976.

JeRoyd W. Greene and Harvey Latney, Jr., Richmond, Va., for plaintiff.

Stuart H. Dunn, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

The plaintiff, Saad El Amin (JeRoyd X. Greene), brings this action for declaratory and injunctive relief against the defendants for allegedly violating and conspiring to violate his constitutional rights. More specifically, the plaintiff alleges that the defendants, in investigating and hearing charges of professional misconduct lodged against him in his capacity as an attorney (1) are seeking to enforce provisions of the Code of Professional Responsibility which he contends are unconstitutional, (2) are proceeding without regard for the procedural safeguards required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (3) are arbitrarily and capriciously enforcing the Code of Professional Responsibility in violation of the Due Process Clause of the Fourteenth Amendment, and (4) are perpetrating and participating in a general conspiracy and pattern of harassment designed to deprive the plaintiff of his civil rights. The claims are based on rights guaranteed under 42 U.S.C. §§ 1983 and 1985, and the First, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Jurisdiction over the matter is conferred on the Court by virtue of 28 U.S.C. § 1343(3) and (4). See *Johnson v. Avery*, 393 U.S. 483, 490 n.11, 89 S.Ct. 747, 751, 21 L.Ed.2d 718, 724 (1969); *Konigsberg v. State Bar of California*, 353 U.S. 252, 273, 77 S.Ct. 722, 733, 1 L.Ed.2d 810, 825 (1957); *Schware v. Board of Bar Examiners of the State of New Mexico*, 353 U.S. 232, 238, 77 S.Ct. 752, 755, 1 L.Ed.2d 796, 801 (1957).

Plaintiff is a member of the Virginia State Bar, having been authorized to prac-

tice law in the Commonwealth of Virginia by the Virginia Supreme Court. While the plaintiff named the "Virginia State Bar Association" and the individual members of the "Third District Committee of the Virginia State Bar Association" as defendants, no such entities exist, hence it is clear that he intended to name as defendants the Virginia State Bar (hereinafter "State Bar") and the individual members of the Third District Committee of the Virginia State Bar (hereinafter "Committee") and the Court so construes the complaint. Fed.R. Civ.P. 8(f). The named individual defendants of the Committee are Alexander Wellford, Miles Cary, Jr., Charles Beddow, Henry McVey, III, Frank B. Miller, III and Drew Carneal; each is sued in his official and individual capacity. Also named as a defendant is the Virginia State Bar Ethics Committee. The Court makes the following findings:

Plaintiff was retained to represent one Robert Spencer Anderson in a criminal jury trial before the Honorable J. Randolph Tucker of the Circuit Court of the City of Richmond, Virginia. Judge Tucker cited the plaintiff for contempt of court on the basis of oral statements made prior to and during the course of the trial heretofore referred. The charges were subsequently heard by another judge, and the plaintiff was found guilty. Shortly thereafter, plaintiff called a press conference to inform the members of the news media of his intention to file a complaint with the State Judicial Inquiry and Review Committee against Judge Tucker. At the commencement of the aforementioned news conference, the plaintiff distributed to the press copies of a letter addressed to the Chairman of the State Judicial Inquiry and Review Committee, which contained the following language:

> The discrepancy between what was actually said on April 25 and what Judge Tucker alleged in his statement of particulars is so great that the only conclusions that can be drawn is [sic] either Judge Tucker is completely incapable of recall-

ing significant facts, or he is an unmitigated liar.

Subsequently, the Bar Association of the City of Richmond, a private voluntary association of attorneys who practice in the Richmond metropolitan area, submitted the following request to the Third District Committee of the Virginia State Bar:

> The Bar Association of the City of Richmond, acting through its Executive Committee, hereby requests that your Committee conduct an inquiry to determine whether or not the conduct of JeRoyd X. Greene [Saad El Amin], on April 25 and 26, 1974 in a criminal proceeding in the Circuit Court of the City of Richmond, Division I, constitutes a violation of the Code of Professional Responsibility.

The Third District Committee is one of ten district committees of the Virginia State Bar charged with the responsibility of investigating complaints lodged against attorneys. Rules of the Court, Integration of the State Bar, Article IV, Section 13, 205 Va. 1040–42, as amended, 211 Va. cxxxiii; Rules of the Court, By-laws of Council of the Virginia State Bar, Article VI, 205 Va. 1045. The respective district committees are composed of active members of the Bar who are "residents of or maintain their principal offices" in the district, and are appointed by the Council of the Virginia State Bar to serve on a fiscal year basis. Rules of Court, Integration of the State Bar, Article IV, Sections 10 and 13, 205 Va. 1039, 1040, as amended, 211 Va. cxxxiii. Fourteen attorneys may be appointed to any one district committee, but the Chairman of the Committee may designate seven of the members to act for the entire Committee on any specific matter. Rules of Court, Integration of the State Bar, Article IV, Section 13, 211 Va. cxxxiii. Under its rules, the Supreme Court of Virginia has imposed upon the members of the respective district committees "the duty . . . to receive complaints of unprofessional conduct on the part of any member of the Virginia State Bar . . ." whereupon ". . . the Committee shall thereupon

make such preliminary investigation as may be appropriate . . ." Rules of Court, Integration of the State Bar, Article IV, Section 13, 205 Va. 1040, 1041. The Rules require the respective committees to conduct further investigations if justified, reducing the complaint to writing and serving the accused member with a copy thereof. *Id.* at 1041. If a hearing is deemed necessary, the Committee must, at least ten (10) days previous thereto, notify the accused of the time and place of the hearing, *id.*, and the Committee has the power to summon and examine witnesses under oath, to compel their attendance, and to order the production of documents material to the inquiry. Rules of Court, Integration of the State Bar, Article IV, Section 13(d), 205 Va. 1042. An accused has the right to have subpoenas issued on his/her behalf, and to be represented by counsel. *Id.* The Committee may find the complaint groundless, and dismiss same; or, if the only disciplinary action merited is a reprimand, it may proceed in the appropriate court of its district by a bill in equity for a reprimand and injunction from the continuance of the misconduct; or, if a charge of disbarment or suspension is merited, it may file a complaint and proceed in accordance with Virginia Code § 54–74. Rules of Court, Integration of the State Bar, Article IV, Section 13(b)–(d), 205 Va. 1041. See generally, *Virginia State Bar v. Gunter*, 212 Va. 278, 183 S.E.2d 713 (1971); *Maddy v. First District Committee*, 205 Va. 652, 139 S.E.2d 56 (1954); *Norfolk and Portsmouth Bar Association v. Drewry*, 161 Va. 833, 172 S.E. 282 (1933). The Committee itself is without power to impose any disciplinary action against offending attorneys.

The named defendants, Wellford, Cary, Beddow, McVey, Miller and Carneal, were designated by the Chairman of the Third District Committee to investigate the complaint lodged against the plaintiff. Defendant Miller was assigned to pursue the investigation, and, on behalf of the Committee, issued a notice and written complaint, dated May 30, 1974 and mailed it to the plaintiff, notifying him of the Commit-tee's receipt of the request for an inquiry from the Richmond Bar Association. The notice advised the plaintiff that, pursuant to Rule 13 of the Rules for the Integration of the Virginia State Bar, a hearing would be held on the matter on June 18, 1974. Mr. Miller later informed the plaintiff by telephone and confirmed by letter, dated June 11, 1975, that the hearing would be expanded to encompass the statements allegedly made by the plaintiff at his press conference on May 2, 1974.

It is charged by the Committee that the plaintiff violated DR 7–106(C)(6) of the Virginia Code of Professional Responsibility by his overly emphatic enunciation of Judge Tucker's courtroom procedures, and that the plaintiff violated DR 8–102(B) of the Virginia Code of Professional Responsibility by virtue of his statements to the press on May 2, 1974. DR 7–106(C)(6) provides that:

> In appearing in his professional capacity before a tribunal, a lawyer shall not: . . . (6) Engage in undignified or discourteous conduct which is degrading to a tribunal.

DR 8–102(B) provides that:

> A lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer.

Rules of Court, Virginia Code of Professional Responsibility, 211 Va. 295, 347, 355 (1970); Virginia Code § 54–48(b) (1974 Repl.Vol.).

At the June 18, 1974 hearing, the plaintiff alleged that the Committee had leaked information about the charges to the press, and moved that the hearing be open to the public. He additionally moved that the Chairman be disqualified for an alleged conflict of interest, and that the panel be re-constituted because of its lack of black members and practitioners of criminal law. All of the motions were denied. Thereupon, the plaintiff left the hearing and took no further part in the proceeding. The Committee continued in the absence of the plaintiff; it listened to relevant portions of the Anderson trial tapes, read testimony given by Judge Tucker, and attempted to

view a film of the May 2, 1974 news conference. Prior to the Committee issuing its findings, plaintiff brought this action. The Committee has not yet petitioned any court for disciplinary action to be taken against the plaintiff or dismissed the action by reason of the fact that the proceedings were halted by a temporary restraining order issued by the Court shortly after the institution of this suit. Plaintiff and counsel for the defendants have requested the Court to render its judgment in this cause based upon the evidence taken in support of plaintiff's motion for a preliminary injunction.

The plaintiff attacks the disciplinary rules under which he was accused as being unconstitutional both on their face and in their potential application to his case. He alleges, in essence, that DR 7–106(C)(6) is vague and ambiguous in violation of the Fourteenth Amendment to the United States Constitution, abridges his right to free and unfettered speech in violation of the First Amendment, and inhibits him from fully representing his client in violation of the Sixth Amendment. He also alleges, in essence, that DR 8–102(B) violates his right to free and unfettered speech. Finally, he alleges that the Third District Committee, in applying the disciplinary rules to his case is engaging in a pattern of unjustifiable harassment motivated by an aversion to his race and professional style, and is not following its own administrative procedures as outlined in its grant of authority from the Virginia Supreme Court.

The threshold question is whether the principles of equity, comity, and federalism embodied in the case of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its companion cases, *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Boyle v. Landrey*, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); *Perez v. Ledesma*, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), require that the instant action be dismissed so as to allow the state proceedings to run their normal course. *Younger* and its companion cases are grounded upon the special considerations which apply when a federal court is asked to intervene in pending state criminal prosecutions. See *Steffel v. Thompson*, 415 U.S. 452, 460–61, 94 S.Ct. 1209, 1216, 39 L.Ed.2d 505, 515 (1973). The principles of *Younger*, however, have also been applied to state civil proceedings which are in aid of or closely related to the enforcement of criminal statutes. *Hoffman v. Pursue, Ltd.*, 420 U.S. 592, 604, 95 S.Ct. 1200, 1202, 43 L.Ed.2d 482, 492 (1975) [enforcement of a public nuisance statute]. It has not, however, been applied where criminal or civil proceedings are not pending, *Steffel v. Thompson, supra*, 415 U.S. 452, 462, 94 S.Ct. 1209, 1217, 39 L.Ed.2d 505, 516 (1974) or have not been instituted. *Huffman v. Pursue, Ltd., supra*. The issue of *Younger's* application to state administrative proceedings was left undecided in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), but dicta in that case and the *Huffman* case suggest that state administrative proceedings which are adjudicative and quasi-criminal should be given the same deference that state court proceedings presently receive under the *Younger* principles.

It was against this background that the United States Court of Appeals for the Fourth Circuit decided the case of *American Civil Liberties Union et al. v. Bozardt et al.*, C.A. No. 75–1335 (4th Cir., March 8, 1976). The plaintiffs in that case sought federal equitable relief blocking state disciplinary proceedings initiated against them by the Board of Commissioners on Grievance and Discipline of the South Carolina Bar. The South Carolina grievance system is substantially similar to the grievance system enacted in Virginia; the Board of Commissioners may hear the matter and recommend that the sanctions of disbarment, suspension, or public reprimand be levied on the offending attorney by the Supreme Court of South Carolina. The Court held that the district court's granting of a motion to dismiss on the ground that federal relief was barred under the principles of the *Younger* case was appropriate. See also

*Anonymous v. The Association of the Bar of the City of New York*, 515 F.2d 427 (2d Cir., 1975); *Erdmann v. Stevens*, 458 F.2d 1205 (2d Cir., 1972). Accordingly, the principles of *Younger* must be applied to the instant case.

■ Under *Younger*, federal injunctive relief against state proceedings is typically warranted only when the plaintiffs have alleged and shown exceptional circumstances creating a threat of irreparable injury both great and immediate. Cases interpreting the *Younger* standard indicate that irreparable injury will be found if the proceeding is motivated by a desire to harass or is conducted in bad faith.

> If there are pending prosecutions, then the district court should determine whether they were brought in bad faith, for the purpose of harassing appellees and deterring the exercise of First Amendment rights, so that allowing the prosecution to proceed will result in irreparable injury to the appellees.

*Allee v. Medrano*, 416 U.S. 802, 820, 94 S.Ct. 2191, 2203, 40 L.Ed.2d 566, 583 (1973). See also *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1211, 43 L.Ed.2d 482, 496 (1974); *Mitchum v. Foster*, 407 U.S. 225, 230, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705, 710 (1972). Federal injunctive relief may also be justified in the absence of bad faith and harassment if the statute or state provision under attack is "flagrantly and patently violative of expressed constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it," *Younger v. Harris, supra*, 401 U.S. 37, 53–54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669, 681 (1971), *quoting, Watson v. Buck*, 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416, 1424 (1941); or, if, as was held in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973), the state proceedings are before a biased administrative tribunal.

■ The two disciplinary rules under attack are not so flagrantly unconstitutional as to justify federal injunctive relief.

Furthermore, the plaintiff has not shown that the Third District Committee members assigned to hear his case constituted a biased tribunal. The evidence clearly indicates that blacks and practitioners of criminal law were not actively excluded from the panel. Indeed, two attorneys of the fourteen on the Third District Committee during the time in issue were black. One was appointed to a judicial position, and, therefore, could not sit on the panel that considered plaintiff's case, and the other was simply not appointed by the Chairman. This exclusion was in no manner racially motivated. The lack of blacks or practitioners of criminal law on the reviewing panel cannot be said to indicate that the panel was biased. Finally, the plaintiff makes general claims of harassment against all those involved in the bar disciplinary process. He bases his claim of harassment on the discovery of an extensive file kept on his activities by the Third District Committee. The file apparently contains information on his professional and non-professional background. While the Court concludes that it was indeed unfortunate and in the Court's view uncommendable, that officials of the Virginia State Bar felt the need to make inquiries into matters that have very little to do with the plaintiff's function as an attorney, such conduct does not give rise to any conclusion that the proceedings in the instant matter in issue were not conducted in good faith or were conducted for the purposes of harassment. While the practice of inquiring into matters not pertinent to an attorney's professional conduct may provide evidence of harassment if a series of future charges of questionable substance are brought against the plaintiff, the Court is, as hereinbefore stated, satisfied that such a conclusion would be unwarranted in this instance. The institution of a single proceeding can hardly be termed harassment. It is noted in *Younger v. Harris*, 401 U.S. at 46, 91 S.Ct. at 751, 27 L.Ed.2d at 677, "the threat to the plaintiff's federally protective rights must be one that cannot be eliminated by his defense against a single criminal prosecution." Furthermore, the Court, having reviewed the na-

ture of the complaint, finds that the incidents on which the charges of unprofessional conduct were based typically and traditionally justify a consideration of the initiation of disciplinary action. Concluding therefore that the proceedings were not initiated in bad faith, an appropriate order will be issued dismissing this case. *E. g., American Civil Liberties Union et al. v. Bozardt et al., supra.*