The STANDING COMMITTEE ON DISCIPLINE OF the UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF CALIFORNIA, Plaintiff-Appellee,

v.

John M. ROSS, Defendant-Appellant.

No. 83–6160.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 1984.

Decided June 25, 1984.

Howard B. Frank, San Diego, Cal., for plaintiff-appellee.

John M. Ross, San Diego, Cal., pro se.

Before WALLACE, SCHROEDER and NELSON, Circuit Judges.

NELSON, Circuit Judge:

John M. Ross appeals the district court's order suspending him from the practice of law in the Southern District of California for one year and placing him on probation for an additional four years. The court sanctioned Ross after he violated a number of rules of professional conduct. The issues on appeal are whether the proceeding below was fair, the evidence was sufficient, and the penalty was reasonable. We affirm.

*Background*

Between 1980 and 1983, in the course of his practice before the District Court and Bankruptcy Court of the Southern District

of California, Ross consistently violated the American Bar Association Code of Professional Conduct (ABA Code) and the California Rules of Professional Conduct (California Rules). On April 29, 1983, the local Standing Committee on Discipline (the Committee) petitioned the court for an order to show cause why Ross should not be disbarred or suspended. The court held a lengthy hearing on the motion on August 2, and entered its findings ten days later. It ordered Ross suspended from practice for five years, but stayed the last four years of his punishment in favor of probation. On August 22, Ross moved for reconsideration of the order and to reopen the proceedings to introduce new evidence. After a second hearing the court denied this motion. Ross appeals from the disciplinary order and the denial of his motion to reconsider.

*Discussion*

### I. *The Disciplinary Proceeding Was Fair*

■ Any court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct. *See, e.g., Koden v. United States Dept. of Justice,* 564 F.2d 228, 233 (7th Cir.1977). The nature of a disciplinary proceeding is neither civil nor criminal, but an investigation into the conduct of the lawyer-respondent. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 433 n. 12, 102 S.Ct. 2515, 2522 n. 12, 73 L.Ed.2d 116 (1982). At a minimum, however, an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard. *See In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 1225, 20 L.Ed.2d 117 (1968). In such a case, the question before the court is whether an attorney may continue to practice a profession imbued with the public interest and trust. *See In re Echeles,* 430 F.2d 347, 350 (7th Cir.1970). The court must consider both the fitness of one of its officers and the need to protect the public from an unqualified or unscrupulous practitioner. *See Ex parte Wall,* 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552 (1882).

In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment. *See* 28 U.S.C. § 1654. In the Southern District of California, Local Rule 110–5 states that attorneys must abide by the California Rules, the ABA Code, and applicable court decisions. Rule 115 allows the court to refer matters of attorney misconduct to its disciplinary body. Rule 110–6 vests the Committee with the power to investigate such cases and establishes the manner of prosecution.

■ We find no error in the procedure employed here. Ross received proper notice of the disciplinary proceeding and the court granted him more than three months to prepare his defense. It conducted two lengthy hearings at which he was allowed to present evidence and testify. In short, the treatment accorded Ross provided him with a pointed example of the fairness of the court whose integrity his conduct had endangered.

### II. *The Evidence Supports the Findings Below*

For the purpose of review, we have divided the acts upon which the district court based its disciplinary order into six categories. We will not overturn the findings of fact in support of such an order unless clearly erroneous. *See Levenson v. Mills,* 294 F.2d 397, 398 (1st Cir.1961), *cert. denied,* 368 U.S. 954, 82 S.Ct. 397, 7 L.Ed.2d 387 (1962).

#### A. Criminal convictions

■ Ross was convicted once in California state court for battery against another attorney and twice in federal court for criminal contempt. In the disciplinary proceeding, the district court ruled that Ross' actions violated Disciplinary Rules (DR) 1–102(A)(5) and 1–102(A)(6) of the ABA Code, which prohibit a lawyer from engaging in conduct prejudicial to the administration of justice or adversely reflecting on his fitness to practice. Ross first contends that

his convictions were politically motivated, but we need not consider that argument. Ross chose not to appeal his convictions directly and they are not subject to retrial or collateral attack in the disciplinary forum. *See Laughlin v. United States*, 474 F.2d 444, 447 (D.C.Cir.1972), *cert. denied*, 412 U.S. 941, 93 S.Ct. 2784, 37 L.Ed.2d 402 (1973); *Lark v. West*, 289 F.2d 898, 899 (D.C.Cir.1961).

█ Ross also claims that mere criminal activity, without a showing of actual moral turpitude, will not sustain the order below. On the contrary, we believe that lawyers have a special obligation to obey the law; lawyers who act illegally diminish the stature of the legal profession and reduce public confidence in the rule of law. *See* ABA Code, Ethical Consideration 1–5. For this reason, even a single conviction for contempt of court may, in special circumstances, subject a lawyer to discipline. *See Greene v. Virginia State Bar Association*, 411 F.Supp. 512, 517–18 (E.D.Va. 1976). Under this standard, there can be no question that Ross' record, which includes the commission of battery against a fellow attorney, merits strong sanction.

### B. Vexatious litigation

The district court and bankruptcy court each fined Ross for prosecuting malicious, duplicative lawsuits. The district court actions involved civil and criminal complaints against various individuals, the San Diego District Attorney, four state court judges, and the Chief Justice of the California Supreme Court. The bankruptcy court action was the third, according to Ross' own pleadings, that he had filed involving the same transaction and parties.

█ We affirm the finding below that Ross' suits violated California Rule 2–110 and DR 1–102(A)(5) and 7–102(A)(1) of the ABA Code. The canons of professional ethics impose on every lawyer the obligation "not to clog the courts with frivolous motions or appeals." *Polk County v. Dodson*, 454 U.S. 312, 323, 102 S.Ct. 445, 452, 70 L.Ed.2d 509 (1981). Indeed, the filing of a single frivolous claim, after a warning,

may be sufficient to trigger disciplinary proceedings. *Panagopoulous v. INS*, 434 F.2d 602 (1st Cir.1970). Moreover, lawyers who make frivolous and unsupported allegations of criminal conduct against judges deserve harsh punishment. *In re Sareles*, 360 F.Supp. 794, 800 (N.D.Ill.1973), *aff'd*, 497 F.2d 926 (7th Cir.1974). Such accusations undermine public respect for courts and demonstrate "a gross failure of professional judgment and character." *Id.* at 801.

### C. Threats of physical harm

Ross twice menaced opposing attorneys with physical threats. When one opposing counsel told Ross that a complaint against his client was unintelligible, Ross responded, "if you get in my way, I'm going to punch you right in the f___ing face." In another instance, Ross sent a letter to two attorneys which stated in part: "Your comments imply that I may be engaging in dilatory conduct and I specifically deny that I would even consider doing so. The last attorney at San Diego who made this scurrilous suggestion was the late Richard Crake."

The district court found that this conduct again violated DR 1–102(A)(5) & (6) of the ABA Code. We believe Ross' acts speak for themselves. Combined with his battery conviction, they reveal an ignominious pattern of conduct flouting standards of human decency much more basic than those of any professional code.

### D. Threat of criminal charges

In connection with a bankruptcy case, Ross sent a letter to a company hired by an opposing party to manage an apartment complex. The letter insisted that the company resign and concluded by stating: "Failure to comply with this demand will result in a request for criminal charges against you for embezzlement or such other offenses as may be appropriate." The district court found that, by threatening to present criminal charges to obtain an advantage in a civil action, Ross violated Cali-

fornia Rule 7–104 and DR 7–105 and DR 1–102(A)(5) of the ABA Code.

■■■ Ross argues that his letter was appropriate because the opposing party had no right to control the disputed property. The respective rights of the parties, however, were a matter for the bankruptcy court to decide. Criminal proceedings, by contrast, are designed to protect society as a whole. *See* ABA Code, Ethical Consideration 7–21. Ross' threat to bring criminal charges was clearly intended to coerce his opponent to settle the civil claim. Because such action frustrates civil adjudication, we agree that it constituted an abuse of the judicial process. *See Libarian v. State Bar*, 38 Cal.2d 328, 239 P.2d 865 (Cal.1952).

### E. Unauthorized representation

Ross filed class action complaints on behalf of several individuals, although he was authorized to represent only the limited partnership in which they owned shares. When one plaintiff asked Ross to delete his name from the complaints, Ross verbally abused him and sent him a letter that concluded with a pointed reference to the Apocalypse. The district court decided that these actions prejudiced the administration of justice, reflected adversely on Ross' fitness to practice, and involved fraud, deceit, and a willful failure to exercise judgment, in violation of California Rule 6–101(2) and DR 1–102(A)(4), (5) & (6) of the ABA Code.

■■■ Ross contends that bankruptcy law permitted him to maintain derivative and class actions on behalf of the individual limited partners. First, Ross' characterization of applicable law is undercut by the fact that the bankruptcy court fined him for filing duplicative lawsuits. Second, DR 2–104(A)(5) of the ABA Code prohibits a lawyer who represents a party from seeking employment from other potential parties, even where his own client's success is dependent on their joinder. Third, even if Ross' filings had been proper, his implied threat against one of his unwilling plaintiffs was totally unjustified. Given the number of ethical violations arising out of this incident, we believe that the district

court properly relied on general proscriptions to sanction Ross.

### F. False advertising

After receiving a letter informing him that no openings on the local bankruptcy trustee panel existed, Ross placed a newspaper advertisement stating that he was "Approved as a Bankruptcy Trustee by U.S. Courts." The district court found that Ross thereby violated California Rule 2–101(A), and DR 1–102(A)(4) and DR 2–101(A) of the ABA Code, which prohibit false advertising and dishonesty or misrepresentation. Ross contends that his advertisement was not false because it contained the word "approved" instead of "appointed."

■■■ As a general rule, lawyers may freely advertise the availability and terms of routine legal services, but the bar retains the power to restrain purveyors of false or misleading information. *See Bates v. State Bar of Arizona*, 433 U.S. 350, 375, 384, 97 S.Ct. 2691, 2704, 2709, 53 L.Ed.2d 810 (1977). The district court could reasonably have found that the use of the word "approved" misled laymen unfamiliar with the panel appointment process. Moreover, 28 U.S.C. § 604(f) forbids an actual trustee from using his official title, through advertising or otherwise, to promote his legal practice. Even if Ross had been appointed to the panel, therefore, his advertisement violated the statute.

### III. *The Penalty Imposed Was Reasonable*

■■■ Under the terms of the district court order, Ross will actually serve only one year of his five year term of suspension, and spend the balance on probation. Moreover, the court delayed the date on which his suspension would begin to allow him to finish his current work before the bankruptcy court. Ross still claims that his punishment is excessive. We review the terms of a disciplinary order for an abuse of discretion. *See United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir.1976),

*cert. denied*, 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977).

If the sanction below was excessive, it was excessive only in its lenience. Ross' appeal is disturbing not because of any error by the trial court, but because of his wholly unrepentant attitude in the face of his multiple criminal convictions and the extensive documentation of his unprofessional conduct. The Committee properly characterizes his brief as "little more than a series of wild, irrelevant and unsubstantiated accusations against the court, attorneys and the public at large." In each particular, his record places "in doubt his ability to exercise the judgment which advocacy requires." *In re Whiteside*, 386 F.2d 805, 806 (2d Cir.1967). It was altogether proper for the district court to punish Ross as it did.

AFFIRMED.