956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith Ward MATTOX, Appellant,
v.
UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA; Edward C.
Reed, Jr., Chief United States District Judge; Lloyd D.
George, United States District Judge; Howard D. McKibben,
United States District Judge; and Philip M. Pro, United
States District Judge, Appellees.
 No. 90-16691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1992.*
Decided March 10, 1992.
 
 1
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and BURNS, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Judith Ward Mattox appeals the order of the United States District Court for the District of Nevada suspending her from practice before that court for one year. We have jurisdiction under 28 U.S.C. 1291 and we affirm.
 
 
 4
 * At the outset, we note that the issues presented by this case may appear to be moot because Mattox's suspension from practice before the district court terminated in October 1991. We conclude, however, that because the district court's finding that Mattox knowingly made a false statement, as well as its imposition of a one year suspension, could prejudice Mattox's future applications to practice before that court, her appeal is not moot. See Sibron v. New York, 392 U.S. 40, 57-58 (1968) (criminal case is mooted by completion of sentence "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction").
 
 II
 
 5
 We review a district court's finding of fact in support of a disciplinary order for clear error. Standing Comm. on Discipline of the United States Dist. Court for the S.Dist. of Cal. v. Ross, 735 F.2d 1168, 1170 (9th Cir.1984), cert. denied, 488 U.S. 927 (1988). We review the court's choice of sanction for abuse of discretion. Id. at 1172.
 
 III
 
 6
 The United States Magistrate found that Mattox knowingly made false statements to the district court in her petition to practice before that court, in violation of Nevada Supreme Court Rule 172. [Supp. ER at 7 (citing Nev.Sup.Ct.R. 172 ("a lawyer shall not knowingly: (a) make a false statement of material fact or law to a tribunal....")) ]. The magistrate discounted Mattox's claim that she was not responsible for these misrepresentations because the petition was prepared by her paralegal. Nevada Supreme Court Rule 187 provides that a lawyer is responsible for the conduct of a non-lawyer if the lawyer "orders or, with knowledge of the specific conduct, ratifies the conduct involved." [Supp. ER at 6-7 (citing Nev.Sup.Ct.R. 187) ]. The district court agreed with the magistrate's findings. [ER exh. "N" at 2].
 
 
 7
 Because Mattox may be held responsible for any false statements she knew were contained in the petition, regardless of whether her paralegal prepared the document, her appeal presents us with the single issue of whether the district court's conclusion that she knew the petition contained false statements was clearly erroneous. We conclude that it was not.
 
 
 8
 The Model Rules of Professional Conduct take the position that when an attorney's knowledge is an issue in a disciplinary action against the attorney, that knowledge may be inferred from circumstances. Model Rules of Professional Conduct Terminology (1983). The Model Rules have been adopted by the Nevada Supreme Court and the preamble and comments to the rules "may be consulted for guidance in interpreting or applying" the Nevada Supreme Court Rules relating to professional conduct. See Nev.Sup.Ct.R. 150.
 
 
 9
 It was not clearly erroneous for the district court to infer from those circumstances that Mattox knowingly made a false statement to the district court. Mattox filed and signed a "Verified Petition for Permission to Practice" before the district court in the Burke Associates litigation. And she swore under oath that all the statements contained in that petition were true. The Petition was only three pages long and Mattox signed it on the very page that contained the false statement. Moreover, Mattox's prior experience with the State of Colorado must have left her quite alert to courts' interest in whether attorneys applying to practice before them have been subject to disciplinary proceedings. The circumstances clearly support a finding that Mattox knew the petition contained a false statement.
 
 
 10
 The only evidence that Mattox did not have knowledge was her own testimony, and the court had every reason not to credit this testimony given Mattox's history of lying to courts about her disciplinary record.
 
 IV
 
 11
 The magistrate recommended that Mattox be barred from practice before the district court in Nevada indefinitely. The district court reduced this sanction to a one year suspension. Mattox has not persuaded us that the district court abused its discretion by not reducing her sanction further, especially given her past history. First, Mattox's sinus problems are hardly a significant mitigating factor. Second, given the court's finding that Mattox knew of the false statement, her letter to Judge McKibben maintaining that the statement was innocent can only be viewed as attempt to cover her tracks, rather than an attempt to apprise the court of the false statement in the petition. As such, it can hardly be regarded as a mitigating factor. The letter marks but another episode of Mattox's refusal to take responsibility for her actions. Finally, given our conclusion that the district court did not err in finding that Mattox acted with knowledge, Mattox's claim that suspension is inappropriate when an attorney acts negligently is irrelevant.
 
 V
 
 12
 For the reasons set forth above, the decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3