29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joseph Leon WILLIAMS, II, Petitioner-Appellant.
 No. 93-35362.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.*
Decided July 20, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Williams appeals the district court's order suspending him from the practice of law in the United States District Court for the District of Idaho. Williams contends that the district court did not have jurisdiction to enter the order subsequent to his notice of voluntary dismissal of his suit brought to reinstate him to federal practice.
 
 
 3
 Although this case originally came before the court as a civil action against a district judge, the case sought to overturn the suspension of Williams' admission to practice in the district court. The district court thus properly treated the case as a disciplinary proceeding once the court determined that the claims against the district judge could not go forward. Instead of dismissing Williams' complaint altogether when the action was dismissed against the only named defendant, the court allowed the action to continue in order to give Williams' the opportunity to challenge his suspension. The district court has jurisdiction over such a proceeding. See Standing Committee on Discipline of the United States District Court for the Southern District of California v. Ross, 735 F.2d 1168, 1170 (9th Cir.1984).
 
 
 4
 Williams argues that he had the absolute right to dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). Because Rule 41 allows voluntary dismissal by notice prior to service of an answer, Williams hoped to take advantage of the lack of a defendant in this action to allow him to dismiss the case after a temporary, preliminary reinstatement was granted, but prior to final disposition on the merits.
 
 
 5
 District courts need not strictly follow the Federal Rules of Civil Procedure in such a case. "The nature of a disciplinary proceeding is neither civil nor criminal, but an investigation into the conduct of the lawyer-respondent.... In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment." Id.
 
 
 6
 The rationale behind Rule 43 supports our conclusion that the district court's treatment of Williams' notice of voluntary dismissal was proper. While there was no named defendant to object to the dismissal, the court itself is properly considered a party to a disciplinary proceeding. "Rule 41(a)(1) is designed to permit a disengagement of the parties at the behest of the plaintiff ... in the early stages of a suit, before the defendant has expended time and effort in the preparation of [its] case." Pedrina v. Chun, 987 F.2d 608, 610 (9th Cir.1993) (internal quotations omitted). Because the district court had already expended considerable time and effort in addressing Williams' challenge to his suspension, Rule 4(a)(1) was not a proper vehicle for dismissal of the action.
 
 
 7
 The procedure followed by the district court in this case was in no way unfair to Williams, and met all of the requirements of due process. The court granted Williams a temporary reinstatement until a hearing was held, notice of the hearing, and time to prepare his case. "In short, the treatment accorded [Williams] provided him with a pointed example of the fairness of the court whose integrity his conduct had endangered." Ross, 735 F.2d at 1170.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3