[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On August 4, 1997, the respondent, Robert A. Hochberg ("Hochberg"), entered a plea of guilty to one count of conspiracy to defraud a federally insured institution in violation of 18 U.S.C. § 1344, and as part of his sentencing agreement, he agreed to surrender his license to practice law in the Commonwealth of Massachusetts. On November 18, 1997, the Supreme Judicial Court for Suffolk County ordered him disbarred. The Statewide Grievance Committee has brought the present case seeking commensurate action pursuant to Practice Book § 28A, now Practice Book (1998 Rev.) § 2-39.[1]
On March 11, 1998, this court held a hearing on the Committee's application for interim suspension.[2] The Committee maintains that the suspension is required as Mr. Hochberg has plead guilty to a felony. He is now on a three year probation which commenced on November 17, 1997; has been ordered to make restitution to the CT Page 4231 FDIC in the sum of $71,000; and, as noted, has submitted his resignation to the Bar of the Commonwealth of Massachusetts. His conviction is clearly serious and, under the plea agreement, he could have been incarcerated for as long as 30 years and ordered to pay as much as a $1,000,000 fine.
Mr. Hochberg argues that this court should not only not disbar him, it should not even enter an order of suspension, whether on a interim or a final basis. His argument is based primarily on In re Weissman, 203 Conn. 380, 384, 524 A.2d 1141
(1987), in which the Supreme Court noted that the phrase "commensurate action" (as stated in Practice Book § 26C (c), now Practice Book (1998 Rev.) § 2-39 (c)) does not mean or require "identical action" The Weissman court stated that "[t]he trial court had inherent judicial power, derived from judicial responsibility for the administration of justice, to exercise sound discretion to determine what sanction to impose in light of the entire record before it." Id., 384. At the hearing, Mr. Hochberg produced seven witnesses to support his position that only minimal discipline is warranted. His argument is sevenfold: (1) that the crime occurred long ago in 1988; (2) that it was unknowing, foolish, and committed to help a friend; (3) that he suffers from severe and painful back injuries; (4) that he is not only an excellent attorney but in his role as office manager, he has acted as a mentor and instructor to a number of attorneys; (5) that he has performed pro bono work — essentially through a foundation he has established to help children; (6) that he has suffered great humiliation and shame from this experience; and finally, (7) a suspension would have a painful financial and emotional impact on his family. Hence, in light of the above, Mr. Hochberg argues that the public and the judicial system are not now at risk from his continuing to practice.
There is no dispute between the parties that Mr. Hochberg is suffering from severe back pain. Nor is there a dispute concerning his incorporating the New England Fund For Children, Inc. (although this court notes that he testified that he started it in 1994). In fact, with the exception of reasons two and four above, the Committee does not take issue with any of Mr. Hochberg's arguments. Nevertheless it maintains that whatever the Supreme Court may decide in Spirer, and this court's future ruling based upon that decision and a full hearing, an interim suspension is clearly warranted at this time.
II. CT Page 4232
"An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. His admission is upon the implied condition that his continued enjoyment of the right conferred is dependent upon his remaining a fit and safe person to exercise it, so that when he, by misconduct in any capacity, discloses that he has become or is an unfit or unsafe person to be entrusted with the responsibilities and obligations of an attorney, his right to continue in the enjoyment of his professional privilege may and ought to be declared forfeited. . . . Therefore, [i]f a court disciplines an attorney, it does so not to mete out punishment to an offender, but [so] that the administration of justice may be safeguarded and the court and the public protected from the misconduct or unfitness of those who are licensed to perform the important functions of the legal professions."
(Emphasis in original.) Doe v. Statewide Grievance Committee,240 Conn. 671, 684-85, 694 A.2d 1218 (1997), quoting Massameno v.Statewide Grievance Committee, 234 Conn. 539, 554-55,663 A.2d 317 (1995).
Disciplinary Rule 8.4 states, in part, that "[i]t is professional misconduct for a lawyer to:
 (1) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 (2) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 (3) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 (4) Engage in conduct that is prejudicial to the administration of justice. . . ."
As discussed above, when a court disciplines an attorney, it does so not to punish but rather to both safeguard the administration of justice and to protect the public. Doe v.Statewide Grievance Committee, supra, 240 Conn. 684-85. In disbarring Mr. Hochberg, the Massachusetts court noted that his conduct was similar to conduct which resulted in the disbarment CT Page 4233 of one lawyer and the indefinite suspension of another lawyer.
Attorney Hochberg must realize that he is still an officer of the Superior Court who has, within the last six months, plead guilty to a serious felony and is now on probation. "The criminal conviction of a lawyer evidences the most egregious type of misconduct." ABA/BNA Lawyers' Manual on Professional Conduct (1989) § 101:301, citing Standing Committee on Discipline ofU.S. District Court v. Ross, 735 F.2d 1168, 1171 (9th Cir.), cert. denied, 469 U.S. 1081 (1984). The Ross court stated that "lawyers who act illegally diminish the stature of the legal profession and reduce public confidence in the rule of law."Standing Committee on Discipline of U.S. District Court v. Ross,supra, 735 F.2d 1171. This court is certainly familiar with the American Bar Association's Standards for Lawyer Sanctions ("Standards") which, while not adopted by the judges of this state, have been widely used in determining the proper sanction to impose in disciplinary actions.[3] The system balances aggravating and mitigating factors.[4] There are a number of mitigating factors which favor Mr. Hochberg including but not limited to, the absence of a prior disciplinary record, apparent full and free disclosure to the disciplinary boards, the imposition of other penalties, the remoteness of the prior offense and finally, a showing of remorse. The mitigating factors have, of course, all occurred after the criminal activity. SeeAttorney Grievance Commission of Maryland v. Molovinsky,477 A.2d 1181, 1184-85 (Md. 1984). Indeed, as noted, the work with the children's organization started years after the incidents. Aggravating factors also apply, however, including the pattern of misconduct, multiple offenses, and dishonest or selfish motive indicated by the federal indictment.
The commentary to the Standards provides that "the court should place a lawyer on interim suspension immediately upon proof that the lawyer has been convicted of a `serious crime'." Standards, supra, § 2.4. There is no question that a conviction for fraud is a serious crime.[5] The commentary further explains that "[i]nterim suspension is necessary in such cases both to protect members of the public and to maintain public confidence in the legal profession." Standards, supra, § 2.4. Thus, "[courts have responded with particularly severe sanctions for lawyers who are convicted of crimes." ABA/BNA Lawyers' Manual on Professional Conduct, supra, § 101.303. As stated by one court, "[i]n any event, the real criterion is and should be whether the attorney is guilty of such unprofessional CT Page 4234 and unethical conduct which is calculated to bring the bench and bar into disrepute. It is beyond cavil that an attorney . . . who is convicted of a felony, is guilty of such conduct as is calculated to bring the bench and bar into disrepute." KentuckyState Bar Assn. v. Vincent, 537 S.W.2d 171, 173 (Ky. 1976). This court agrees. While it is surely sympathetic to Mr. Hochberg's medical problems, they should not and cannot mitigate the need for appropriate discipline m circumstances where a lawyer has violated the public trust by committing fraud. This court does not believe that he has established by clear and convincing evidence, let alone the preponderance of the evidence, any defense in his answer and accordingly, it is the decision of this court that the applicant's motion for interim suspension is granted.
Berger, J.