**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA BROOKE, | No. 20-17236 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-02736-SK |
| v. | |
| PHILIP H. STILLMAN, | MEMORANDUM* |
| Appellant, | |
| and | |
| BALAJI ALAMEDA LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted October 21, 2021**
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Attorney Philip Stillman ("Stillman") appeals an order issuing sanctions against him. Stillman claims the district court violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order *de novo*. *See Thomas, Head & Greisen Emps. Trust v. Buster*, 95 F. 3d 1449, 1458 (9th Cir. 1996) ("The issue of whether a district court provided an alleged contemnor due process … is a legal question subject to *de novo* review on appeal."). Upon review we reverse the sanctions order and remand.

Stillman represented defendant Balaji Alameda LLC in an Americans with Disabilities Act claim brought by plaintiff Theresa Brooke ("Brooke"). Brooke was represented by Attorney Peter Strojnik ("Strojnik"). During that case, Strojnik filed a "Third Discovery Letter," alleging Stillman's refusal to comply with a court-ordered deadline and requesting in a single sentence that "Defendant's counsel be sanctioned and be ordered to immediately schedule the settlement meeting." The court acknowledged that Plaintiff's "Third Discovery Letter" was "not about discovery, so the filing of a discovery letter brief rather than a motion for sanctions was inappropriate," and it "admonishe[d] Plaintiff's counsel for filing a motion [for sanctions] under the guise of a discovery motion." Nonetheless, the court sanctioned Stillman in the amount of $250 and referred him to the Northern District of California's Standing Committee on Professional Conduct. This appeal followed.

The court did not provide Stillman adequate notice and an opportunity to be heard before imposing sanctions. "[N]otice and an opportunity to be heard are indispensable prerequisites for the types of sanctions imposed by the district court." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-10 (9th Cir. 2005); *see also Cole v. United States Dist. Court*, 366 F.3d 813, 821 (9th Cir. 2004) (noting that procedural due process requires "notice of the grounds for, and possible types of, sanctions"). The Northern District of California has local rules that guide the implementation of sanctions. "In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment." *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (citing *Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170 (9th Cir.1984). "At a minimum, however, an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Id.* (citing *In re Ruffalo*, 390 U.S. 544, 550 (1968)).

United States District Court for the Northern District of California Local Rule 7-8 requires that a motion for sanctions be separately filed and a date for a hearing set, while Local Rule 7-2 requires that a motion be noticed on the motion calendar of the assigned judge and include a concise statement of the relief sought.

The issuance of sanctions here did not conform to the court's local rules or the constitutional requirements of due process. Plaintiff's counsel filed a discovery

3

letter, added in a single line about sanctions, and failed to comply with Local Rules 7-2 and 7-8. Plaintiff's Third Discovery letter should not be construed as necessitating a response from Stillman. The court sanctioned Stillman without notifying the parties that it contemplated imposing sanctions and the nature and substance of those sanctions. Furthermore, the court also did not give the parties a chance to be heard prior to issuing the order. Consequently, Stillman had little reason to know that Plaintiff's "Third Discovery Letter" was a motion for sanctions or that the court was considering it as such. We therefore find that Stillman was not on sufficient notice that the court was considering sanctions and did not have adequate opportunity to respond. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1199 (holding that the district court had not given adequate notice and opportunity to be heard in an attorney discipline case where "no order to show cause was issued" and "no hearing was held").

**Sanctions Order REVERSED AND REMANDED.**