Julie WEISSMAN, Plaintiff–Appellee,

v.

QUAIL LODGE INC., dba Quail Lodge Resort & Golf Club, Defendant–Appellee,

William L. Winocur, Plaintiff Class Member–Appellant.

No. 98–15131.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 1999.*

Filed June 10, 1999.

* The panel unanimously finds this case appropriate for submission without oral argument. *See* Fed R.App. P. 34(a)(2).

E. Elizabeth Summers, Bien & Summers, Oakland, California, for appellant Lawrence R. Schonbrun.

No appearance for plaintiff-appellee or defendant-appellee.**

** Because no opposing brief was filed by either plaintiff or defendant, at our invitation, the district court filed a memorandum in opposition.

Before: NOONAN and TASHIMA, Circuit Judges, and RESTANI, Court of International Trade Judge.[***]

TASHIMA, Circuit Judge:

Lawrence W. Schonbrun, an attorney, appeals the district court's order ("Order") entered in this case that restricts his right to file objections to proposed Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), class action settlements in all future cases filed in the Northern District of California. Schonbrun also contends that the Order disparaged his professional conduct. We have jurisdiction of this appeal of a post-judgment order under 28 U.S.C. § 1291, and we reverse and remand. Whether viewed as a sanction or as an attorney discipline order, the district court abused its discretion in entering the Order without giving Schonbrun notice and an opportunity to be heard prior to imposing the restrictions on his right to practice law. We conclude, however, that the district court's allegedly disparaging comments in the Order did not themselves constitute sanctions against Schonbrun and, therefore, decline to review that portion of the Order.

### I.

Schonbrun filed a notice of objection to a proposed ADA class action settlement agreement on behalf of his client and purported class member, William Winocur. The objections concerned the negotiated amount of attorney's fees, failure to provide individual class members with monetary recovery, excessive payment to the class representative, and inadequate and incomplete notice to class members. At the fairness hearing on the final approval of the class settlement, the court noted Schonbrun's objections, but approved the settlement. Schonbrun did not attend this hearing.[1] The district court then dismissed the underlying action.

Subsequently, the district court entered the Order at issue in this appeal. In it, the court concluded that "Schonbrun's objections to this settlement are groundless, contrived and misplaced." It further stated:

> This court also finds that Schonbrun's intervention in this case reflects a serious lack of professionalism and good judgment. Schonbrun never submitted a declaration from Winocur, purportedly his client and a class member, and this court has no information to substantiate that Winocur even is a class member. Further, Schonbrun failed to appear at the hearing to assert Winocur's objections. In addition, in many other cases where Schonbrun appeared on behalf of objectors to class action settlements, courts found his intervention to be improper because his purported clients lacked standing as class members.
>
> . . . .
>
> The court further orders that Schonbrun shall not file objections to proposed class action settlement agreements in ADA cases in [the Northern District of California], unless he
>
> > (1) submits a declaration from his client establishing representation and class membership;
> > (2) submits to the court a request for leave to object, with a copy of this order appended thereto; and,
> > (3) is granted leave of the court.[2]

[***] The Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by designation.

1. Schonbrun apparently had a conflicting appearance in another case.

2. As the district court's order noted, Schonbrun has appeared in "many other cases" involving class action settlements. In fact,

Schonbrun can be characterized as something of a class action settlement gadfly. He has appeared in many class action settlement proceedings, invariably in opposition to the amount of fees sought by counsel for the plaintiff class. See In re NASDAQ Market–Makers Antitrust Litig., 184 F.R.D. 506 (S.D.N.Y.1999); In re Intelligent Elec., Inc. Sec. Litig., 1997 WL 786984 (E.D.Pa.1997); Walker v. Liggett Group, Inc., 175 F.R.D. 226

At the outset, we note that the district court did not characterize what kind of order it was issuing or under what authority it was acting. The Order can be characterized as a sanction imposed under the inherent powers of the court; it can also be an attorney disciplinary order. Schonbrun himself analogizes it to a "vexatious litigant" order imposed on pro se litigants.[3] We review the order under each of these rubrics.

## II.

### A. Vexatious Litigant Order

[1] Schonbrun attacks the Order under this circuit's four-part test for evaluating the validity of "vexatious litigant" orders. *See De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir.1990). District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation. *See id.* at 1147. Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. *See e.g., O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990) (requiring pro se inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *De Long*, 912 F.2d at 1146–47 (prohibiting filings of pro se litigant proceeding in forma pauperis without leave of the district court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir.1990) (forbidding pro se plaintiff from filing further complaints without prior approval of district court). A vexatious litigant order imposed against a pro se litigant, however, is distinguishable from an order that limits an attorney's right to file pleadings on behalf of a client, *i.e.,* to practice his or her profession.

■ Insofar as our research has uncovered, no court in this circuit has ever imposed a vexatious litigant order on an attorney. We do not believe that the vexatious litigant doctrine was ever intended to control attorney conduct and we do not propose to approve its application in this case as a means of controlling attorney conduct. For example, the California vexatious litigant statute limits the definition of a "vexatious litigant" to one who acts "in propria persona." Cal.Civ.Proc.Code § 391.7. Similarly, the only district court in this circuit to have adopted a vexatious litigant rule provides that the court may "proceed by reference to the Vexatious Litigants statute of the State of California, Cal.Code Civ. Proc. §§ 391 –391.7." Cent. Dist. of Calif. Local R. 27A.4. We therefore conclude that an attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant; by definition, he or she is acting as an attorney and not as a litigant.

### B. Sanctions Order

■ In *Malone v. United States Postal Serv.*, 833 F.2d 128 (9th Cir.1987), we recognized "the temporary suspension of the culpable counsel from practice before the court," as a permissible sanction. *Id.* at 132 n. 1. We review the imposition of sanctions for an abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55,

(S.D.W.Va.1997); *Zucker v. Occidental Petroleum Corp.,* 968 F.Supp. 1396 (C.D.Cal.1997); *In re Sear Automotive Ctr. Consumer Litig.,* 1997 WL 27112 (N.D.Cal.1997); *Garza v. Sporting Goods Properties, Inc.,* 1996 WL 56247 (W.D.Tex.1996); *In re Prudential Sec. Inc. Ltd. Partnerships Litig.,* 1995 WL 798907 (S.D.N.Y.1995); *In re Silicone Gel Breast Implant Prod. Liability Litig.,* 1994 WL 578353 (N.D.Ala.1994); *In re First Capital Holdings Corp. Fin. Prod. Sec. Litig.,* 33 F.3d 29 (9th Cir.1994); *In re Oracle Sec. Litig.,* 852 F.Supp. 1437 (N.D.Cal.1994); *Georgine v.*

*Amchem Prod., Inc. v. Admiral Ins. Co.,* 1994 WL 124866 (E.D.Pa.1994); *Gottlieb v. Wiles,* 150 F.R.D. 174 (D.Colo.1993); *U.S. West, Inc. v. MacAllister,* 1992 WL 427772 (D.Colo. 1992); *In re Public Serv. Co. of N. Mex.,* 1992 WL 278452 (S.D.Cal.1992). It thus appears that a substantial portion of Schonbrun's professional practice is devoted to appearing in class action settlement proceedings on behalf of absent class members.

3. The district court also relies on the vexatious litigant cases in support of the Order.

111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Primus Automotive Fin. Servs. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997). "A district court abuses its discretion in imposing sanctions when it bases its decision 'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Mark Indus. Ltd. v. Sea Captain's Choice, Inc.,* 50 F.3d 730, 732 (9th Cir.1995) (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)).

■ Justifications for imposing sanctions on an attorney include the attorney's willful abuse of the judicial process, *see Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. Partnership,* 76 F.3d 1003, 1007 (9th Cir.1996), "bad faith conduct during litigation," *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 873 (9th Cir.1992), or filing frivolous papers, *see Warren v. Guelker,* 29 F.3d 1386, 1388 (9th Cir.1994). It is possible that Schonbrun's conduct in the instant case warranted sanctions because he objected to a class action settlement without first ensuring that his client was a class member, conduct that arguably is abusive of the judicial process or is in bad faith. Further, his objections may have been frivolous. We need not decide whether Schonbrun's conduct was sanctionable, however, because the district court failed to follow the procedural requirements for imposing sanctions.

■ Whenever the district court imposes sanctions on an attorney, it must at a minimum, afford the attorney notice and an opportunity to be heard. *See, e.g., Oregon RSA No. 6, Inc.,* 76 F.3d at 1007; *Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.,* 834 F.2d 833, 834–36 (9th Cir.1987). In the instant case, the district court did not give Schonbrun notice or an opportunity to be heard prior to sanctioning him.[4] Therefore, the district

court abused its discretion in imposing the sanction.

### C. Attorney Discipline Order

■ We have not always maintained a clear distinction between a sanction and attorney discipline. *See, e.g., Peabody v. Maud Van Cortland Hill Schroll Trust,* 892 F.2d 772, 777 (9th Cir.1989) (noting that the district court complied with the procedural requirements of its attorney discipline rule, while upholding suspension from the practice of law as a sanction). And, in fact, in both purpose and effect, as well as in their procedures, sanctions and attorney discipline orders sometimes do seem to merge.

■ Within the federal system, each district court is authorized to govern and discipline its own bar. Consistent with this practice, most district courts have adopted rules governing attorney discipline—setting forth the conduct, or misconduct, for which discipline may be imposed, and the procedures that must be followed before a member of the district court's bar may be disciplined. "In the federal system there is no uniform procedure for disciplinary proceedings. The individual judicial districts are free to define the rules to be followed and the grounds for punishment." *Standing Comm. on Discipline v. Ross,* 735 F.2d 1168, 1170 (9th Cir.1984) (citing 28 U.S.C. § 1654). "At a minimum, however, an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Id.* (citing *In re Ruffalo,* 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968)).

Consistent with that requirement, the Northern District's own rules provided that discipline could not be imposed with-

---

**4.** The fact that Schonbrun did not attend the hearing at which the district court addressed his objections to the proposed settlement does not alter the conclusion that the district court did not provide him with notice or an opportunity to be heard on the issue of the sanctions. At the hearing at which he did not

appear, Schonbrun had notice and an opportunity to be heard only on the merits of his objections, and not on the propriety of restricting his right to file objections to future settlement agreements. Moreover, the Order was not issued until three weeks after that hearing.

out first issuing an order to show cause giving notice of the alleged ground for discipline and holding a hearing before a judge other than the complaining judge. No. Dist. of Calif. Local R. 11–6(a), (c), (d). The district court did not observe its own rules—no order to show cause was issued, no hearing was held, and the discipline imposed was imposed by the complaining judge.[5] The *Order* cannot stand as an attorney discipline order.

## III.

■ Schonbrun contends that the district court's allegedly disparaging statements about him included in the *Order* independently constituted sanctions against him. He argues that the district court erred in not providing him with notice and an opportunity to be heard before incorporating this language in the *Order*. We conclude that the district court's comments alone are not sanctions, but rather are merely its factual findings made in support of the *Order*. We find no basis independently to review the allegedly derogatory statements about Schonbrun. *See Williams v. United States (In re Williams)*, 156 F.3d 86, 90–92 (1st Cir. 1998).

■ Formal reprimand of an attorney by the district court is a possible sanction. *See Malone*, 833 F.2d at 131–32 & 132 n. 1; *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3rd Cir.1987) ("In addition to financial penalties courts may sanction by . . . written admonition."); *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) ("as a less severe alternative to monetary sanctions, district courts may choose to admonish or reprimand attorneys"). Schonbrun urges us to find that the district court's comments criticizing his professional conduct were such a formal reprimand. We decline to find, however, that any time a court includes critical words about an attorney's conduct in an order, those words constitute a formal reprimand.

*See Williams*, 156 F.3d at 92 ("[A] jurist's derogatory comments about a lawyer's conduct, without more, do not constitute a sanction.").

In *Williams*, the bankruptcy court imposed monetary sanctions on two attorneys for their misconduct, "characterizing their conduct as obstructionist and unjustified." *Id.* at 88. The bankruptcy court also referred to the testimony of one of them as "pure baloney." *Id.* The district court later vacated the monetary sanctions, but refused to vacate the bankruptcy court's harshly critical factual findings which originally were included in the opinion as support for the imposition of the monetary sanctions. *See id.* at 89. On appeal, the attorneys argued that the bankruptcy court's findings "besmirch their professional reputations to such an extent that they operate as a *de facto* sanction." *Id.* at 90.

The First Circuit rejected this contention:

> It is trite, but true, that a lawyer's professional reputation is his stock in trade, and blemishes may prove harmful in a myriad of ways. Yet not every criticism by a judge that offends a lawyer's sensibilities is a sanction. Read in context, the bankruptcy court's descriptions of the attorneys' behavior in this case plainly were not the sanction itself, but, rather, *served to justify the imposition of monetary sanctions.* Nowhere in his rescript does [the bankruptcy judge] issue an express reprimand or otherwise intimate that a tongue-lashing comprises any part of the designated penalty.

*Id.* (citation omitted) (emphasis added). The court further concluded that policy considerations militated against adopting a rule that "harsh judicial words" constitute *de facto* sanctions. *Id.* at 91. It concluded that "[t]he net result would be tantamount to declaring open season on trial judges," and that the threat of appellate review of

---

**5.** The Northern District has since completely revamped its attorney discipline procedures. *See* No. Dist. of Calif. Gen. Order No. 46 (Feb. 23, 1999). If, on remand, the court chooses to proceed by way of attorney disciplinary proceedings, we assume that the district court will follow the procedures mandated by its new general order.

every comment by a trial judge would have a chilling effect on judicial candor. *Id.* at 91–92.

The court then concluded that, while "[w]ords alone may suffice if they are expressly identified as a reprimand," *id.*, "critical comments made in the course of a trial court's wonted functions—say, fact-finding or opinion writing—do not constitute a sanction...." *Id. See also Clark Equip. Co. v. Lift Parts Mfg. Co. Inc.*, 972 F.2d 817, 820 (7th Cir.1992) (holding that critical comments about counsel do not constitute appealable sanctions). Because "it is an abecedarian rule that federal appellate courts review decisions, judgments, orders, and decrees—not opinions, factual findings, reasoning, or explanations," the court concluded that the bankruptcy court's harsh statements were not appealable. *Williams*, 156 F.3d at 90. *See also Black v. Cutter Labs.*, 351 U.S. 292, 297, 76 S.Ct. 824, 100 L.Ed. 1188 (1956) ("This Court ... reviews judgments, not statements in opinions.").

 We agree with the holding of *Williams* that words alone will constitute a sanction only "if they are expressly identified as a reprimand." *Williams*, 156 F.3d at 93. Here, the court did not identify the allegedly derogatory comments in the Order as a reprimand. Rather, the comments served to explain why the court concluded that it was necessary to place restrictions on Schonbrun's right to file objections to future proposed ADA class action settlements. Because the words themselves do not constitute sanctions, we conclude that they are not independently reviewable.

## IV.

Whether viewed as a sanction or an attorney discipline order, the district court abused its discretion because it failed to afford Schonbrun notice and a hearing prior to imposing restrictions on his right to file objections to proposed ADA class ac-

tion settlement agreements on behalf of his clients. If, on remand, the district court again chooses to impose sanctions or discipline, it must clearly delineate under which authority it acts to insure that the attendant requirements are met. *See Keegan Management Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir.1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on.") (internal quotation marks and citation omitted).

**REVERSED and REMANDED.** No costs.[6]

---

**6.** Although Schonbrun is the prevailing party on appeal, an award of costs is inappropriate because neither plaintiff nor defendant appeared in opposition or filed a brief on appeal.