MEMORANDUM**
Cables and Accessories, Inc. (“Cables”) and its counsel, Sun C. Chen, appeal from the district court’s order denying Cables’ appeal from the bankruptcy court and sanctioning Chen for bringing a frivolous appeal, for making deliberate misrepresentations to the court, and for including in his brief unsubstantiated inflammatory statements against the appellees. We conclude that Cables’ appeal to the district court lacked any merit; that the present appeal to this court similarly lacks any merit; and that the district court acted within its discretion by sanctioning Chen. We affirm the district court’s order in all respects.
Michael A. Brewer, Hornberger & Brewer, Power Play Products, Inc., Elliot Buzil, Adam Technologies, Inc., Vincent DeVito, and Charlie Kuo (collectively, “Brewer”), all defendants in the adverse action in the bankruptcy court, have again moved for sanctions against Chen based on his conduct before this court. While we reject Chen’s claims as far-fetched, we exercise our discretion to deny the award of sanctions on this appeal.
I. Factual and Procedural Background
In 1995, Cables served as a middleman between a domestic company seeking to buy power cords (Power Play Products, Inc.) and manufacturers in China. When Cables presented Brewer with mislabeled goods but refused to return Brewer’s down payment on the goods, litigation between Cables and Brewer ensued in multiple forums. Eventually, Cables filed for bankruptcy.
In response to certain claims Cables brought against Brewer, Brewer sued Cables in California state court for malicious prosecution.[1] However, Brewer failed to obtain the bankruptcy court’s permission before filing, thereby violating the automatic stay designed to protect debtors under 11 U.S.C. § 362(a). Shortly after Brewer filed its action, but before service upon Cables, the bankruptcy court granted Brewer relief from the automatic stay. Cables reacted by bringing an adversary action against Brewer in the bankruptcy court complaining that Brewer’s malicious prosecution action had violated the automatic stay.[2]
The bankruptcy court agreed that Brewer’s action technically violated the automatic stay, but noted the short delay between the filing and its grant of permission to sue. The bankruptcy court also held that Cables, as a corporation and not an individual, had no right of action for damages under 11 U.S.C. § 362(h). It determined that Cables could show no prejudice because Brewer did not serve Cables with notice of the suit until after the bankruptcy court had granted permission to sue, *437 and dismissed Cables’ proceeding against Brewer.
The district court determined that the bankruptcy court had properly construed its own grant of permission to sue. Based in part on unsupported inflammatory allegations against Brewer in Cables’ brief to the district court, the district court granted Brewer’s motion for sanctions against Chen as Cables’ counsel.
Cables now appeals both the district court’s ruling on the merits of the bankruptcy issue and the award of sanctions against Chen. We must now decide whether the bankruptcy court erred in rejecting Chen’s civil contempt action against Brewer.
II. Discussion
A. Brewer’s Stay Violation Did Not Prejudice Cables
This court reviews de novo the district court’s affirmance of the bankruptcy court’s decision. In re Hamada, 291 F.3d 645, 649 (9th Cir.2002). We review for abuse of discretion the bankruptcy court’s judgment against Chen in his action seeking civil contempt damages from Brewer. Id. The bankruptcy court’s determination of the scope of its order granting Brewer an exception to the automatic stay presents a question of law, which we review de novo. Id.
The bankruptcy court first explained that Cables’ action for injunctive relief was moot in light of the bankruptcy court’s order granting Brewer permission to sue. Next, the bankruptcy court properly determined that Cables, as a corporation and not an individual, had no right of action for damages against Brewer for Brewer’s violation of the automatic stay. 11 U.S.C. § 362(h) applies only to natural individuals, not to corporate debtors. See Johnston Envt’l Corp. v. Knight (In re Goodman), 991 F.2d 613, 619-20 (9th Cir. 1993). To Cables’ advantage, the bankruptcy court then construed Cables’ attempted § 362 action as a motion for civil contempt rather than dismissing the action outright. See United States v. Arkison (In re Cascade Roads, Inc.), 34 F.3d 756, 766-67 (9th Cir.1994). The- bankruptcy court found no basis for an award of civil contempt damages because Brewer’s filing of the malicious prosecution action before obtaining relief from the automatic stay caused no prejudice to Cables. Brewer took no steps on its state court action until the bankruptcy court gave Brewer permission to pursue its claims to the extent those claims would be covered by Cables’ insurer.
The bankruptcy court did not abuse its discretion by refusing to hold Brewer in civil contempt for its technical violation of the automatic stay. Brewer did not take any action on its complaint, including service of process, until after the bankruptcy court awarded relief from the stay. Brewer intended to pursue only those claims covered by Cables’ insurance. Consequently, Cables suffered no prejudice from Brewer’s breach of the automatic stay.
B. Chen’s Conduct in the District Court Deserved Sanctions
We review the district court’s award of sanctions on appeal from the bankruptcy court for abuse of discretion. Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir.1999). Sanctions may be warranted when a party stands on frivolous arguments, litigates in bad faith, or abuses the judicial process. Id. at 1198.
Brewer brought a separate motion for sanctions against Cables’ attorney, Chen, for filing a frivolous appeal in the district court and for making inflammatory and unsubstantiated representations of fact. The district court determined that Cables’ *438 appeal from the bankruptcy court lacked any merit. The district court further found that Chen’s brief had improperly included the challenged inflammatory statements. Consequently, the district court awarded sanctions against Chen.
Cables argues that the district court’s award of sanctions did not satisfy the standard expressed in 28 U.S.C. § 1927.[3] However, the district court did not rely on that statute, instead exercising its inherent powers to find Chen in violation of a lawyer’s duty of candor to the court. The district court may exercise inherent powers to sanction bad-faith litigants, even without statutory authority. See Lindblade v. Knupfer (In re Dyer), 322 F.3d 1178, 1196 (9th Cir.2003).
Chen’s failure to abide by or even recognize his duty to include only true factual representations in his briefs to the district court justify the award of sanctions there. On top of his misrepresentations, Chen also should have realized that his appeal from the bankruptcy court lacked any chance of success. Therefore, we affirm that the district court did not abuse its discretion by awarding sanctions against Chen.
C. We Decline to Award Sanctions
This court may exercise power to sanction an attorney for bringing a frivolous appeal. Fed. R.App. P. 38. Such sanctions are typically appropriate when the result of the appeal is obvious and the arguments lack merit. Napili Shores Condominium Homeowners’ Ass’n v. N.L.R.B., 939 F.2d 717, 721 (9th Cir.1991). This court may also sanction an attorney who pursues vexatious litigation. 28 U.S.C. § 1927.
Brewer has moved this court to sanction Chen, for again filing a frivolous appeal and for again including inflammatory misrepresentations of fact in his papers before us. As we discuss above, Cables’ appeal is frivolous. We also consider Chen’s inflammatory and false statements to show a regrettable lack of professionalism. Such conduct seriously undermines the effectiveness of Chen’s advocacy. Nevertheless, we consider this litigation to have gone on long enough. We prefer not to expend judicial and legal resources any further by ordering a hearing on the sanctions motion, and so we reject Brewer’s motion to award sanctions.
III. Conclusion
For the reasons stated above, we affirm the district court’s judgment in favor of Brewer rejecting Cables’ appeal of the bankruptcy court’s decision. We also affirm the district court’s award of sanctions against Chen.[4] We deny Brewer’s motion *439 for sanctions against Chen for his conduct before this court.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. After the bankruptcy court ruling but before the district court’s affirmance in this case, Brewer's malicious prosecution action resulted in a jury verdict of nearly twenty million dollars in compensatory damages against Cables and its manager, Rich Shih. Apparently, a similar malicious prosecution action is still pending in state court against Chen.

. We note that the bankruptcy court had already expressly authorized the conduct Cables sought to enjoin.

. 28 U.S.C. § 1927 provides that:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys’ fees reasonably incurred because of such conduct.

. California suspended Cables’ corporate status on October 1, 2003, for failure to pay taxes. See Cal. Rev. & Tax Code § 23301. Under California law, suspended corporations may not appeal an adverse decision. See Grell v. Lad Le Beau Corp., 73 Cal.App.4th 1300, 1306, 87 Cal.Rptr.2d 358 (1999). California law controls Cables' corporate capacity to file an appeal in this court. See Christian & Porter Aluminum Co. v. Titus, 584 F.2d 326, 331 (9th Cir.1978); Fed R. Civ. P. 17(b).
To preserve its standing, Cables has requested sufficient time to rectify its tax problems, a result California law appears generally to favor. See, e.g., Peacock Hill Ass’n v. Peacock Lagoon Cortstr. Co., 8 Cal.3d 369, 370, 105 Cal.Rptr. 29, 503 P.2d 285 (1972). Because Cables' appeal lacks any merit, as we discuss above, we decline to delay this dispo *439 sition any further. We rely on our holding on the merits and do not reach the issues of Cables’ standing, which presents more significant legal questions than the underlying frivolous appeal.