**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Teofilo TAVIZON, Defendant–Appellant.**

**No. 03–55769.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.\*

Decided April 16, 2004.

Rebecca S. Lonergan, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jesus Teofilo Tavizon, FCIL—Federal Correctional Institution, Lompoc, CA, pro se.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

MEMORANDUM \*\*

Federal prisoner Jesus Teofilo Tavizon appeals pro se the district court's order declaring him to be a vexatious litigant. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *see De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990), and we affirm.

Tavizon contends that the government violated his equal protection rights by not requesting a vexatious litigant order for his co-defendant and discriminating against him because his co-defendant is counseled, and he is not. We disagree. Because attorneys cannot be sanctioned as vexatious litigants, *see Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999), the government's decision to request a vexatious litigant order for Tavizon and not his co-defendant was not for a discriminatory purpose, *see United States v. Arenas–Ortiz*, 339 F.3d 1066, 1068 (9th Cir. 2003).

Tavizon also contends that the district court abused its discretion by entering the vexatious litigant order against him. We disagree. Tavizon had notice that the district court was considering entering such

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

an order and had an opportunity to oppose it. *Cf. De Long,* 912 F.2d at 1147. In addition, the district court specifically identified numerous filings by Tavizon that it found to be frivolous. *Cf. id.* at 1148. Finally, the district court's order is narrowly tailored to "prevent infringement on [Tavizon's] right of access to the courts." *Id.* (citation omitted).

AFFIRMED.