**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LAL BHATIA,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants - Appellees.

No. 08-17784

D.C. No. 4:08-cv-04208-SBA

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted April 5, 2010 [**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Lal Bhatia appeals pro se from the district court's order dismissing his action

seeking relief in connection with a federal criminal prosecution against him. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, and may affirm on any ground.  *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (en banc); *Levine v. Vilsack*, 587 F.3d 986, 991 (9th Cir. 2009).  We affirm.

The district court properly dismissed the action because there are no extraordinary circumstances warranting interference with the federal criminal proceedings against Bhatia.  *See Ackerman v. Int'l Longshoremen's & Warehousemen's Union*, 187 F.2d 860, 868 (9th Cir. 1951) (stating that federal courts may enjoin criminal proceedings in federal courts only if there are extraordinary circumstances).  Bhatia is not entitled to mandamus or declaratory relief.  The district court properly denied Bhatia's motion for summary judgment as moot after the court dismissed the action.

Contrary to Bhatia's contention, the district court was not required to discipline defendant Assistant United States Attorney Corrigan sua sponte.  *See* N.D. Cal. Civ. L.R. 11-6(a) (permitting, but not requiring, district courts to discipline attorneys who have engaged in unprofessional conduct); *see also Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999) (noting that district courts are authorized to implement rules governing attorney discipline).

**AFFIRMED.**