**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-1222

———————

DEBORAH VENESEVICH,

Appellant

v.

MICHAEL J. LEONARD; FRANCINE SEISLOVE

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-07-cv-02118)
District Judge:  Hon. Christopher C. Conner

———————

Submitted under Third Circuit LAR 34.1(a)
on October 2, 2009

Before:  AMBRO, GARTH and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 5, 2010)

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

Deborah Venesevich appeals the District Court's refusal to vacate a footnote

rebuking her attorney for plagiarizing text from judicial opinions in a brief submitted to

the court.  For the reasons below, we will affirm the order of the District Court.

Venesevich, employed by a federal agency, filed an action against her employer for unlawful retaliation under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The District Court granted the defendants' motion to dismiss because, under *Bush v. Lucas*, 462 U.S. 367 (1983), her *Bivens* claim was foreclosed by administrative remedies available under the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111.  We granted summary affirmance of the District Court's dismissal of Venesevich's claims.

The sole issue on appeal concerns Venesevich's brief submitted by attorney Donald Bailey in opposition to the defendants' motion to dismiss.  Pages six through ten of the brief consist almost entirely of text lifted from judicial opinions without attribution. In footnote 2 of his memorandum dismissing Venesevich's claims, Judge Christopher Connor issued a "direct rebuke" criticizing Mr. Bailey for plagiarism.  (App. 12.)  The footnote recited the court's prior admonishment of Mr. Bailey for the same practice in *Schultz v. Wilson*, No. 04-CV-1823, 2007 WL 4276696, at *6 n.13 (M.D. Pa. Dec. 4, 2007).  The District Court denied Mr. Bailey's motion to vacate the memorandum and strike the footnote. (App. 19-20.)

We of course have jurisdiction to review a District Court's imposition of sanctions, *see*, *e.g.*, *Gary v. Braddock Cemetery*, 517 F.3d 195 (3d Cir. 2008), but the District Court's statement in its dismissal order was not a sanction.  Nor do its comments in its

order denying reconsideration qualify as a sanction.  We therefore lack jurisdiction.

In *Bowers v. NCAA*, 475 F.3d 524 (3d Cir. 2007), we noted "disagreement among the courts of appeals as to whether and when a court's statement in a judicial opinion amounts to a sanction 'affecting an attorney's professional reputation' and thus 'impos[ing] a legally sufficient injury to support appellate jurisdiction.'" *Id.* at 543 (quoting *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1167-68 (10th Cir. 2003) (alteration in original)).  We observed the courts' "near complete agreement than an order rising to the level of a public reprimand is a sanction"; but qualified that by acknowledging that "mere judicial criticism is insufficient to constitute a sanction." *Bowers*, 475 F.3d at 543.  We found it unnecessary to wade deeply into the issue because the District Court order in that case granted a motion explicitly requesting the imposition of sanctions, and the order expressly stated that it was intended as a sanction.  *Id.* at 544.

The District Court action in this case differs materially from the one in Bowers.  The court in this case merely made an observation in a footnote, in an order devoted principally to the merits of the underlying litigation.  The order was entered upon a motion to dismiss, not a motion for sanctions, and the District Court did not formally indicate that it intended to sanction Bailey.  The statement was more or less a passing remark, made in the course of a ruling on the merits.  Our very recent precedent further confirms that a judicial admonishment of this type is not necessarily considered a sanction.  *See Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 145-46 (3d

3

Cir. 2009) (holding District Court abused its discretion in concluding that Magistrate Judge's admonishment was a sanction). Because the challenged language in the District Court's order was mere judicial criticism, and not a formal sanction, we lack jurisdiction over the appeal. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999); *In re Williams*, 156 F.3d 86, 93 (1st Cir. 1998).

For the reasons stated above, we will dismiss the appeal.