**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation, | No. 09-17550 |
| Plaintiff - Appellee, | D.C. No. 1:03-cv-05412-LJO-DLB |
| v. | |
| GIBSON, DUNN & CRUTCHER LLP, | MEMORANDUM* |
| Petitioner - Appellant, | |
| ENCANA ENERGY SERVICES, INC.; ENCANA CORPORATION, | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOODWIN and N.R. SMITH, Circuit Judges, and BLOCK, Senior District Judge.[**]

In an underlying action Plaintiff/Appellee E. & J. Gallo Winery sued EnCana Corporation and WD Energy Services, Inc. for their roles in a natural gas price fixing scheme. Defendant's counsel, Gibson, Dunn & Crutcher, LLP, after numerous discovery violations, directly contacted counsel for a key third-party witness in a successful attempt to delay a deposition. A magistrate judge found that Gibson Dunn manipulated late-hour events to avoid the witness's appearance, raised issues of dubious merit regarding service, and that Gibson Dunn's actions vexed and burdened Gallo and the court. Citing the court's inherent authority, the magistrate judge awarded $92,078.97 payable to Gallo, and ordered an additional $10,000 payable to the court.[1]

This court reviews for abuse of discretion an award of sanctions granted under a court's inherent power. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); and *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999).

---

[**] The Honorable Frederic Block, Senior U.S. District Judge for the Eastern District Court of New York, sitting by designation.

[1] Strictly speaking, our review is of the district court's order denying Gibson Dunn's motion to reconsider the magistrate judge's order. For the sake of simplicity, however, we address the magistrate judge's order.

Rule 30(b)(1)[2] requires "reasonable notice in writing" to parties for any deposition. Rule 5(b)(2)(D) allows for service of a notice by electronic means when the person being served has consented to electronic service in a writing. Local Rule 5-135(g)(1) explains that registration with the CM/ECF system, except where an attorney has opted out, constitutes "consent to receive service electronically and waiver of the right to receive service by first class mail pursuant to Fed. R. Civ. P. Rule 5(b)(2)(D)." Rule 32(d)(1) provides, "All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice."

Here, service of notice of the deposition of the third-party witness was proper under the local rules. It is undisputed that Gibson Dunn also had actual notice of the deposition. Gibson Dunn never sought a protective order, nor objected in writing to any notice. Objection to the notice was therefore waived.

A court may levy a sanction on the basis of its own inherent power "when a party has acted in bad faith, vexatiously, wantonly or, for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (citations and internal quotation marks omitted).

---

[2]All references to "Rules" refer to the Federal Rules of Civil Procedure 2005 Edition, as amended to January 21, 2005. "Local Rules" refer to the Local Rules of Practice for the United States District Court, Eastern District of California, effective April 15, 1997, including amendments received through December 1, 2004.

"Bad faith" is exhibited, for instance, by the act of delaying or disrupting litigation. *Id.* at 46. In this circuit, "[b]efore awarding sanctions under its inherent powers . . . the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008) (internal quotation marks and citation omitted).

The magistrate judge found that the result of Defendants' counsel's actions was "to vex and burden" Plaintiff and the court. This language tracks that used by the *Chambers* Court to make a bad faith finding. *See* 501 U.S. at 45-46. While the magistrate judge did not use language that made an explicit finding of bad faith, the "vex and burden" language is tantamount to such a finding. *See Mendez*, 540 F.3d at 1131. There is no abuse of discretion.

Finally, all similar incidents of a party's past misconduct in a case are under review in determining the propriety of sanctions. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411-12 (9th Cir. 1990). This is true even when monetary sanctions for those past bad acts have already been levied. *See id.* at 1410-11. To be considered in a sanctions proceeding, past misconduct should be of a similar type, for example, all discovery violations. *Id.* at 1412.

Here, the magistrate judge reviewed Gibson Dunn's past misconduct during the litigation. All of the misconduct described by the magistrate judge concerned discovery violations. No error was committed in reviewing this past misconduct.

**AFFIRMED.**