

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE M. NON,<br><br>     Plaintiff-Appellant,<br><br>v.<br><br>COMCAST, INC., DBA Comcast Cable Communications LLC, DBA Comcast Cable Communications Management, LLC, DBA Comcast Corporation, DBA Comcast Holdings Corporation and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,<br><br>     Defendants-Appellees. | No.   15-17259<br><br>D.C. No. 3:14-cv-01845-VC<br><br>MEMORANDUM* |
| JOSE M. NON,<br><br>     Plaintiff,<br><br> and<br><br>DANIEL RAY BACON, Counsel of record for plaintiff,<br><br>     Appellant, | No.   15-17260<br><br>D.C. No. 3:14-cv-01845-VC |

_____

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

COMCAST, INC., DBA Comcast Cable
Communications LLC, DBA Comcast
Cable Communications Management,
LLC, DBA Comcast Corporation, DBA
Comcast Holdings Corporation and
COMCAST CABLE
COMMUNICATIONS MANAGEMENT,
LLC,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted July 10, 2017
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LYNN,[**] Chief District Judge.

Jose Non appeals the summary judgment in favor of Comcast, Inc. Non claims that Comcast reprimanded and eventually fired him because of his race and nationality, in violation of California's Fair Employment and Housing Act ("FEHA") and California public policy. Non's attorney, Daniel Bacon, appeals the sanctions order entered against him. We have jurisdiction under 28 U.S.C. § 1291.

1. We affirm the summary judgment in favor of Comcast because Non failed

[**] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

2

to raise a triable issue of fact that he was performing according to his employer's legitimate expectations, which is required to establish a prima facie case of employment discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003) ("Under *McDonnell Douglas*, unlawful discrimination is presumed if the plaintiff can show that '(1) [he] belongs to a protected class, (2) [he] was performing according to [his] employer's legitimate expectations, (3) [he] suffered an adverse employment action, and (4) other employees with qualifications similar to [his] own were treated more favorably.'") (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)). "California courts use the familiar *McDonnell Douglass* burden-shifting test when analyzing disparate treatment claims under FEHA." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011) (citing *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000)). Under the *McDonnell Douglass* burden-shifting test, the employee "bears the initial burden of establishing a prima facie case of employment discrimination." *Id.* Once the employee has done so, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If the employer articulates a legitimate reason for its actions, the employee must raise a triable issue that the employer's proffered reason is pretext for unlawful discrimination. *Id.*

Under the Collective Bargaining Agreement ("CBA") that governed the terms of Non's employment, Comcast can immediately terminate employees who commit "serious offenses." The CBA defines "serious offenses" to include, *inter alia*: "Willful falsification of . . . time sheets or other [Comcast] records . . . [s]leeping during an employee's actual work hours . . . [and] [c]arelessness, including violation of [Comcast's] safety rules and regulations, endangering the safety of oneself or others or endangering [Comcast's] property and equipment." In 2012, Comcast reprimanded Non twice for "serious offenses." In 2013, Comcast eventually terminated Non for his third "serious offense" after an alarmed member of the public called Comcast to report that Non was asleep in his work truck with its engine running for about forty minutes. Because Non committed three "serious offenses" in a relatively short time span—any one of which could have formed the basis for his immediate termination under the CBA—he failed to raise a triable issue of fact that "[he] was performing according to [Comcast's] legitimate expectations." *Vasquez*, 349 F.3d at 640 n.5; *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008).

2. The district court acted contrary to this court's precedent when it sanctioned Non's attorney Bacon without sufficient notice of the potential sanctions prior to the hearing on Non's motion to extend the deadline to complete

4

discovery. *See United States v. Tillman*, 756 F.3d 1144, 1152 (9th Cir. 2014) ("What began as a status hearing about an e-mail exchange over vouchers ballooned into a full-blown hearing on attorney sanctions. . . . The question here is not one of interpretation of fair notice; the reality is that, contrary to our precedent, there was no notice."); *Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004) (citing *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 n.4 (9th Cir. 1999)) ("[N]otice require[s] more than that [the attorney] be aware of the sanctionable conduct, but that the district court must provide notice of the potential sanctions and the reasons for the sanction."). Although the district court held a hearing on the motion to extend the discovery deadline, the district court did not provide Bacon with any notice that it would impose—or even consider—sanctions at the hearing. Therefore, we reverse the sanctions order entered against Bacon.

**AFFIRMED IN PART; REVERSED IN PART.**

The parties shall bear their own costs associated with this appeal.