**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MALEM MEDICAL, LTD., a United
Kingdom corporation; ENURESIS
ASSOCIATES, LLC, a Maryland limited
liability company,

Plaintiffs-Appellees,

v.

THEOS MEDICAL SYSTEMS, INC.;
SAKET BHATIA,

Defendants-Appellants.

No.    18-16670

D.C. No. 3:13-cv-05236-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted February 4, 2020
San Francisco, California

Before:  PAEZ and BEA, Circuit Judges, and JACK,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Janis Graham Jack, United States District Judge for
the Southern District of Texas, sitting by designation.

Appellants Theos Medical Systems, Inc. and Saket Bhatia (collectively "Theos") appeal the district court's order requiring Theos to include a warning paragraph in the complaint it plans to file with the Food and Drug Administration ("FDA") against Appellees Malem Medical, Ltd. and Enuresis Associates, LLC (collectively "Malem"). Theos argues this warning paragraph constitutes a sanction of which Theos did not have notice.

We review a district court's imposition of sanctions for abuse of discretion. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "[W]e review *de novo* issues of law, including whether the district court provided adequate process before imposing sanctions." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005).

Earlier in the case, the district court found Theos had violated the non-disparagement clause of a consent decree between it and Malem by falsely reporting to various government agencies that Malem's products were hazardous. Malem had requested only attorneys' fees and costs in its motion for order to show cause and at the contempt hearing. After the contempt finding, the district court ordered Theos to pay Malem attorneys' fees and costs and we affirmed. *Malem Med., Ltd. v. Theos Med. Sys., Inc.*, 761 F. App'x 762, 765 (9th Cir. 2019).

Theos later moved the district court for leave to file an FDA complaint

against Malem on a new issue. The parties briefed the issue, and the district court decided it could not conclude that Theos's proposed FDA complaint was "not intended to raise legitimate business concerns," so the district court granted Theos leave to file the FDA complaint. However, the district court added that it could not ignore Theos's prior fraudulent actions and required Theos to include a warning paragraph on the first page of the FDA complaint in 12-point font, which reads:

> The District Court for the Northern District of California has required the undersigned (Theos Medical Systems and Saket Bhatia) to include this text. In August 2017, following a two-day trial, the Court found the undersigned in contempt for filing false and misleading FDA complaints about Malem Medical and Enuresis Associates' products. The case is *Malem Medical, LTD. v. Theos Medical Systems, Inc.*, No. 13-cv-5236-EMC (N.D. Cal.).

This required paragraph is a sanction. *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1252–54 (9th Cir. 2016), *rev'd on other grounds by* 137 S. Ct. 1178 (2017). Theos argues that the warning paragraph will discredit Theos's complaint before the FDA and that Theos did not have notice of or the opportunity to be heard on this specific sanction. Theos argues that if it had notice or a chance to reply, then it could have bolstered the declaration it submitted with its briefing regarding Theos's motive for its request or asked for an evidentiary hearing.

"[I]t is axiomatic that procedural due process requires notice of the grounds for, and possible types of, sanctions." *Lasar*, 399 F.3d at 1110 (reversing a district

3

court's lifetime ban on an attorney appearing *pro hac vice* in its division, because the district court failed to notify the parties that it was considering such a sanction) (internal quotation marks and citation omitted). Neither the briefing or hearing in the earlier contempt proceeding, nor the briefing related to Theos's motion for leave to file the FDA complaint, warned that Theos might be required to include a warning paragraph in its proposed FDA complaint. The district court abused its discretion by invoking its inherent authority to sanction Theos without giving notice of the type of sanction that might be imposed—the warning paragraph in Theos's FDA complaint against Malem—and the opportunity to respond. *Id*. at 1113–14.

**REVERSED AND REMANDED.**