NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SWISHER HYGIENE FRANCHISE CORPORATION, a North Carolina Corporation; et al., | No. 20-16727 |
| Plaintiffs-Appellees, | D.C. No. 2:15-cv-01331-DJH |
| v. | MEMORANDUM* |
| DAVID BARTON; et al., | |
| Intervenors-Appellants, | |
| and | |
| TROY CLAWSON, husband; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted March 9, 2022
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and GOULD, Circuit Judges.

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We consider an appeal of the district court's imposition of sanctions against two attorneys and their law firm pursuant to its inherent authority after findings of bad faith and spoliation of evidence.

Swisher Hygiene ("Swisher") and Accurate Chemical and Services ("ACS") are competitors in the commercial hygiene products industry. Troy Clawson was a former employee of Swisher who left to work for ACS. While employed with Swisher, Clawson signed a non-solicitation and confidentiality agreement with Swisher. In 2015, Swisher filed suit against Clawson and ACS alleging that Clawson had breached his agreement with Swisher by (1) soliciting Swisher employees to join ACS and (2) misappropriating Swisher's confidential information.

During pretrial proceedings and discovery, Swisher filed several motions for sanctions against Clawson and ACS, alleging the defendants had spoliated evidence and committed a fraud on the court. Swisher also suggested in briefing that the defendants' attorneys may have engaged in misconduct and "request[ed] that the Court schedule a hearing and question the responsible defense counsel regarding these matters." The district court held a hearing on Swisher's motions for sanctions, at which the attorneys testified.

At the conclusion of the evidentiary hearing, which lasted several days, the district court granted Swisher's second motion for sanctions and ordered the entry of default against ACS and Clawson. Also, the district court announced it would

*sua sponte* sanction the attorneys, by ordering the attorneys to self-report to the state bar after making factual findings about their misconduct.

Thereafter, Swisher moved for monetary sanctions against ACS, Clawson, and the two attorneys and their law firm, who withdrew from the case. The district court allowed the attorneys to intervene to contest Swisher's motion for monetary sanctions. The district court granted Swisher's motion for monetary sanctions and awarded Swisher all its requested attorney's fees and costs, totaling $527,087.46. The judgment was entered jointly and severally against ACS, Clawson and the attorneys. After a *sua sponte* reduction in the fee award, the district court found that $153,800 in attorneys' fees "would not have been incurred but-for Clawson's and Defendants' conduct" and awarded that amount to Swisher, jointly and severally against ACS, Clawson, and the attorneys. The district court also assessed a further $153,800 in attorneys' fees against the attorneys.

The attorneys appeal the district court's fee award on due process grounds. They argue that the district court violated principles of due process when it imposed monetary sanctions against them during their representation of their clients. For the following reasons, we vacate and remand.

District courts "have inherent authority to discipline lawyers." *Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131 (9th Cir. 1995). Sanctions on attorneys under this inherent power are reviewed for abuse of discretion. *Hale v.*

*U.S. Tr.*, 509 F.3d 1139, 1146 (9th Cir. 2007). Because the decision to impose sanctions under its inherent authority is within the sound discretion of the district court, we will not overturn its decision unless the court committed an error of law or the court's factual determinations were clearly erroneous. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005) (citing *Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197–98 (9th Cir. 1999). Under this standard, we review *de novo* issues of law, including whether the district court provided adequate due process before imposing sanctions. *Thomas, Head & Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1458 (9th Cir. 1996).

"[F]or the court to sanction an attorney, procedural due process requires notice and an opportunity to be heard." *United States v. Tillman*, 756 F.3d 1144, 1152 (9th Cir. 2014). "[A]n attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). The attorneys had no notice from the district court that it was considering *sua sponte* sanctions against them. Although the pending motions sought sanctions against Clawson and Accurate, the attorneys did not know that they were also facing sanctions. Aside from being called as witnesses, the district court did not afford the attorneys notice that they were at risk of being sanctioned nor did it give them an opportunity to protect their individual

interests. We therefore vacate the sanction award against the attorneys and remand for further proceedings consistent with this decision.

**VACATED AND REMANDED**.