**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN BAKER, an individual; et al., | No. 22-15503 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-00518-MMD-CLB |
| v. | |
| DEAN MEILING, an individual; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JANET CHUBB, an individual; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted November 16, 2023**
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER,*** District

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Solomon Oliver, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Judge.

Appellants—a proposed class of elderly investors in a metal-coatings company—appeal from the district court's order awarding attorneys' fees to Appellees and sanctioning their attorney, Marc Lazo. The lone issue raised is the propriety of Lazo's sanction. We have jurisdiction under 28 U.S.C. § 1291. Reviewing "the district court's imposition of sanctions and award of attorneys' fees for abuse of discretion," *De Dios v. Int'l Realty & RC Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011), and its "underlying finding of bad faith" for clear error, *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021), we affirm.

The district court awarded $375,635.55 in attorneys' fees to Appellees, and it sanctioned Lazo by holding him jointly and severally liable for that amount. Lazo argues that the district court deprived him of procedural due process—and therefore abused its discretion—by sanctioning him without first providing notice and an opportunity to be heard. To be sure, "an attorney subject to discipline is entitled to procedural due process, including notice and an opportunity to be heard." *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (quoting *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999)). As we have held, however, "[t]he opportunity to brief the issue fully satisfies due process requirements." *Id.* And Lazo had such an opportunity: Appellees moved the district court to hold him personally responsible for their

attorneys' fees, and Lazo opposed that motion. Accordingly, the district court's sanction did not violate Lazo's right to procedural due process.

Lazo also challenges the district court's finding of bad faith, which was a necessary predicate to its sanction under 28 U.S.C. § 1927. *See Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015). But the district court provided at least seven justifications for its bad-faith finding, and Lazo challenges only two of them. Even if we agreed with Lazo as to the two bad-faith justifications that he challenges, the five he fails to address would suffice to support affirmance of the court's bad-faith determination. *See Recording Indus. Ass'n of Am. v. Diamond Multimedia Sys.*, 180 F.3d 1072, 1076 n.3 (9th Cir. 1999) ("We can, of course, affirm on any grounds supported by the record."); *cf. United States v. Stauffer*, 922 F.2d 508, 516 (9th Cir. 1990) ("When a district court lists several reasons for taking a certain action, and one of the reasons is flawed, the district court's decision should still be upheld if other reasons support the ruling."). We therefore conclude that the trial court did not commit clear error in determining the issue of bad faith, nor abuse its discretion in the imposition of sanctions and the award of attorneys' fees against Lazo.

**AFFIRMED.**[1]

---

[1] Appellees pending motion for judicial notice is DENIED as moot.