**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL AARON WITKIN, Plaintiff - Appellant, v. F. GONZALEZ; KAHIE; GOTU; HERNANDEZ, Defendants - Appellees. | No. 24-7216 D.C. No. 2:22-cv-01212-KJM-EFB MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 26, 2026**

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Former California state prisoner Michael Aaron Witkin appeals pro se from

the district court's judgment dismissing for untrue allegations of poverty and as

malicious Witkin's 42 U.S.C. § 1983 action alleging excessive force while

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

incarcerated. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999) (imposition of sanctions); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (dismissal of an action as frivolous or malicious). We vacate and remand.

The district court dismissed Witkin's action as a sanction under 28 U.S.C. § 1915(e)(2)(A), finding that Witkin's allegations of poverty were untrue because he failed to declare his and his spouse's income in his in forma pauperis ("IFP") application and subsequent notice alerting the court to settlement income. However, because the application did not ask about spousal finances and Witkin truthfully alleged that he had no income at the time he sought to proceed IFP, his allegations of poverty were not made in bad faith. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 n.8 (9th Cir. 2015) (explaining that dismissal under 28 U.S.C. § 1915(e)(2)(A) requires "a showing of bad faith . . . not merely inaccuracy").

The district court alternatively dismissed Witkin's action as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), finding that the lawsuit was an attempt to harm prison employees based on Witkin's statements on a prison worksheet that he wanted to bring authorities to justice and to "knock down CDCR for about $250,000." However, these statements were made six months before the alleged incidents at issue in this action, and it is not clear from these statements that the complaint was filed with the intention to inflict harm. *See Andrews v. King*, 398

F.3d 1113, 1121 (9th Cir. 2005) (requiring a finding that the complaint was "filed with the intention or desire to harm another" before dismissing an action as malicious (citation and internal quotation marks omitted)).

We vacate the judgment and remand for further proceedings, including a redetermination of whether Witkin should be allowed to proceed IFP. We do not prejudge the outcome of the redetermination.

**VACATED and REMANDED.**