**In re: Roy C. LEWELLEN, Appellant.**

No. 00–2028.

United States Court of Appeals,
Sixth Circuit.

Jan. 17, 2003.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Roy C. Lewellen appeals the order entered by the district court censuring him and recommending additional disciplinary action. We affirm.

I

Lewellen is an attorney practicing in Marianna. Arkansas. His client, Jerry Butler, was indicted in the United States District Court for the Western District of Michigan. Lewellen appeared with his client in court at his arraignment on February 22, 1999. On that day, Lewellen was

ordered to obtain the necessary papers for admission to the Bar of the district court. According to Lewellen, he and his client retained local counsel for the matter. Just after the arraignment, Butler made a plea agreement with the government and pled guilty on July 19, 1999.

The Clerk's Office indicated on the docket sheet on April 22, 1999 that Lewellen still had not been admitted to the Bar of the district court. On that day, the district court issued an order that required Lewellen either to file an application for admission to practice before the court within ten days, or to show cause in writing why he had not yet filed for admission, and if not, why he should be permitted to appear before the court. The district court noted that there is no indication on the docket sheet that Lewellen ever filed an application for admission, nor did he show cause.

Butler's sentencing was scheduled, after several continuances, for February 2, 2000. Lewellen and Butler did not appear for the scheduled hearing. Butler's local counsel, John Frawley, told Judge Enslen that he had spoken with Lewellen on February 1, and that Lewellen had told him that a snowstorm in Arkansas had prevented him and Butler from flying to Michigan from Arkansas. The court expressed doubt that this story was true. The court adjourned the sentencing hearing and issued an arrest warrant for Butler. Lewellen subsequently faxed two documents to the court entitled "Motion for Continuance."

Butler appeared before Magistrate Judge Brenneman for a bond revocation hearing on February 22, 2000. Lewellen took the stand, was sworn in, and explained that he had not attended the sentencing hearing because of the weather in Arkansas, and had advised his client not to attend as well. During the hearing, the Assistant United States Attorney asked

Lewellen: "And I understand though you're not admitted to practice in the Western District of Michigan; is that correct?" Lewellen answered, "I am. I filed the documents and what have you as far as I can remember." On February 24, 2000. Magistrate Judge Brenneman issued a notice to the parties that notified them, in part, that according to the Clerk, Lewellen was not yet admitted to practice in the Western District of Michigan.

On March 10, 2000, the district court issued an order requiring Lewellen to show cause why discipline should not be imposed. Another sentencing hearing for Butler took place on April 6, 2000. At that hearing Lewellen was asked by the court whether he was a member of the Bar of the district court; Lewellen replied that he was not.

On June 6, 2000, the court held a show cause hearing regarding Lewellen's behavior. The district court noted in its opinion that

> [a]t that hearing, the evidence indicated that Lewellen had not made any plane reservations to ensure that Defendant Butler attended the February 2, 2000 sentencing hearing. Additionally, the evidence indicated that attorney Lewellen failed to inform the Court that Defendant Butler was not going to attend the February 2, 2000 sentencing hearing.

> As of June 6, 2000, attorney Lewellen has not been admitted to practice in the Western District of Michigan according to Court records which are undisputed.

On June 12, 2000, the court issued an opinion and order censuring Lewellen, pursuant to the authority of the Local Rules of Practice and Procedure of the United States District Court for the Western District of Michigan. Criminal Rule

57.1(k)(i).[1] for violation of the Michigan Rules of Professional Conduct ("MRPC") 1.3 and 3.3(a)(1), and for violation of the court's orders.

The district court stated that Lewellen repeatedly violated the court's orders to seek admission to practice before the court. The court also noted that "he repeatedly appeared in Court to represent and speak on behalf of Defendant Butler and submitted at least two motions to the Court relating to Defendant Butler's case."

The court also stated that it was convinced that Lewellen perjured himself when testifying in front of Magistrate Brenneman. violating MRPC 3.3(a)(1). The court found that Lewellen violated MRPC 1.3 when he "failed to make any reservations or preparations for Defendant Butler's February 2, 2000 sentencing hearing." when he "failed to inform the Court that Defendant Butler would not be attending that hearing," and when he failed to follow the court's orders.

The discipline ordered was censure by the court for violation of MRPC 1.3 and 3.3, and for disobedience of the court's orders. The court also notified Lewellen that it was forwarding the opinion to West Publishing Company for publication, and that the court was requesting that the Arkansas disciplinary authority conduct further investigation and take further disciplinary action.

Lewellen filed a motion for reconsideration of finding of facts and conclusion of law on June 22, 2000. The court denied this motion on July 27, 2000. Lewellen filed a timely appeal.

## II

There appears to be no precedent in this Circuit for an attorney appealing a censure by a federal district court pursuant to a local district court rule. The appeal of a Rule 11 sanction is the closest analogous situation. The Supreme Court stated that "an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). Review is particularly deferential in sanctions cases. *Id.* at 400–05. In *Palmer v. United States,* the government appealed a finding of a breach of ethical conduct and the imposition of sanctions because of the conduct of a Department of Justice attorney. This court, using an abuse of discretion standard, found that the district court had made erroneous findings of fact and reversed its finding of misconduct and award of sanctions. 146 F.3d 361, 366 (6th Cir.1998).

Lewellen urges the court to review the district court's order de novo. He cites several cases to support the proposition

1. Local Criminal Rule 57(k)(i) reads:

   Discipline Other Than Suspension or Disbarment. In accordance with the provisions of this Rule, a district judge may impose discipline, except suspension or disbarment from this Court, on any attorney who engages in conduct violating the Rules of Professional Conduct: willfully violates these rules, the Federal Rules of Criminal Procedure, or orders of the Court; or engages in other conduct unbecoming of the bar of this Court. Prior to the imposition of discipline, the attorney shall be afforded an opportunity to show good cause, within such time as the Court shall prescribe, why the discipline should not be imposed Upon the attorney's response to show cause. and after hearing, if requested and allowed by the district judge, or upon expiration of the time prescribed for a response if no response is made, the Court shall enter an appropriate order.

that whether a particular disciplinary rule prohibits the conduct in question is reviewed de novo. *Grievance Comm. for the S. Dist. of New York v. Simels*, 48 F.3d 640, 645 (2d Cir.1995); *United States v. Miller*, 624 F.2d 1198, 1201 (3rd Cir.1980). The Supreme Court stated in *Hartmarx* that it would find an abuse of discretion if the court based its ruling on an erroneous view of the law. *Hartmarx*, 496 U.S. at 405. This standard of review asks the same question as the de novo review suggested by Lewellen: Did the district court have the discretion under the rule to sanction Lewellen for the conduct in question? Thus, this court will review all aspects of the district court's censure of Lewellen for an abuse of discretion.

### III

Michigan Rule of Professional Conduct 3.3(a)(1) provides: "(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal." MRPC 3.3(a)(1). The district court stated that it "[wa]s convinced" that Lewellen committed perjury when he testified before Magistrate Brenneman. Lewellen stated that he was a member of the Bar of the district court and had filed the admission documents "as far as I can remember." Lewellen argues that this statement is literally true, and thus cannot qualify as a false statement. He asserts that at the time he made the statement, he could not remember whether he had filed the documents. He relies on the Supreme Court's holding in *Bronston v. United States*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973) for the proposition that since his answer was literally true, he cannot be held accountable for perjury.

Lewellen's reliance on *Bronston* is misplaced. The Court held in *Bronston* that a literally true, but *nonresponsive* answer, even if misleading in negative implication,

is not perjury. *Bronston*, 409 U.S. at 353. Lewellen's answer was responsive to the question asked, and thus the holding in *Bronston* does not apply to this case.

■ Moreover, his answer to the question is not indisputably literally true. His answer consisted of two sentences. He first stated that he was a member of the Bar of the district court. There is no dispute that this was false. He then stated that he had filed the documents as far as he could remember. This might have been true, or it might have been false if he indeed did remember that he had not filed the documents. The district court judge made a determination that Lewellen perjured himself, thus finding that Lewellen's implied qualification that he might have mistakenly remembered filing the documents was not true. This court did not witness the testimony and will not reverse the credibility determination made by a district court judge.

The district court did not abuse its discretion in finding that Lewellen violated MRPC 3.3(a)(1).

### IV

Michigan Rule of Professional Conduct 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The facts are not in dispute. However, Lewellen argues that his conduct did not violate the rule.

The district court concluded that Lewellen's failure to make any reservations or preparations for his client's February 2, 2000 sentencing hearing, his failure to inform the court that his client would not be attending the hearing, and his failure to honor the court's orders to seek admission to the Bar of the district court constituted a lack of diligence that culminated in an arrest warrant being issued for Lewellen's client, and the client's subsequent arrest.

Lewellen asserts that the court was informed by his client's local counsel at the outset of the scheduled hearing that Butler would not be appearing, and that he had obtained assurances from the government attorney that he would not oppose a motion for a continuance. Despite Lewellen's explanations for his conduct, and his assertion that the situation did not prejudice his client's interests, this court cannot say that the district court's conclusion that Lewellen was not acting with diligence and promptness in representing his client is an abuse of discretion. Lewellen's failure to inform the court *prior* to the beginning of the hearing that his client would not be appearing, thus wasting the time of the court and all parties, displays a lack of zeal on his client's behalf, particularly since the hearing was a sentencing hearing. *See* MRPC 1.3, cmt. ("A lawyer should act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.") Butler was not further prejudiced only due to the judge's belief that his failure to appear was not Butler's fault, but Lewellen's.

The district court did not abuse its discretion in finding that Lewellen violated MRPC 1.3.

### V

The district court also concluded that Lewellen repeatedly violated its orders to seek admission to the Bar of the district court. Lewellen was ordered on February 22, 1999 by Magistrate Scoville to obtain the necessary papers for admission to the Bar of the district court. When the court was notified on April 22, 1999 that Lewellen had not yet been admitted, it ordered Lewellen either to file an application to practice before the court within 10 days, or to show cause in writing why he had not yet filed for admission, and why he should be permitted to appear before the court.

Lewellen did neither. He explains that he failed to follow the court's orders because he had retained local counsel for his client, and that there had been a plea agreement. He felt that he was not going to be required to practice before the court after the plea agreement, and that therefore he would not need to be admitted. Lewellen at least should have offered these explanations to the district court by responding to the court's order of April 22, 1999 to show cause in writing.

The district court did not abuse its discretion in censuring Lewellen for failure to obey the court's orders.

### VI

The district court's order and opinion is AFFIRMED.